IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity,<br><br>MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, and<br><br>ELAINE ARCHANGELO, Director, Division of Social Services, in her official capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) NO. 1:05-cv-127 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

MaryBeth Musumeci (#4128)
Dan Atkins (#2970)
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0660, ext. 228 or 229
(302) 575-0840 (fax)
mmusumeci@declasi.org
datkins@declasi.org

Jane Perkins
Sarah Somers
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

Dated: July 8, 2005

Attorneys for Plaintiff

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................. 2

STATEMENT OF FACTS .................................................................................................... 3

STANDARD OF REVIEW ................................................................................................... 5

ARGUMENT ......................................................................................................................... 6

    Introduction ..................................................................................................................... 6

    I.  Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Privileges and Immunities Clause of the Fourteenth Amendment. ................................................................................................ 7

    II.  Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Equal Protection Clause of the Fourteenth Amendment. .................................................................................................................. 10

    III.  Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Privileges and Immunities Clause of Article IV. ................................................................................................................................... 12

    IV.  Delaware's Residency Requirement Is Not a Bona Fide Residency Requirement. ................................................................................................................................... 13

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

CASES

*Bethesda Lutheran Homes & Services, Inc. v. Leean,*
    122 F.3d 443 (7th Cir. 1997) .................................................................................. 2, 6, 9

*Conley v. Gibson*
    355 U.S. 41 (1957) .......................................................................................................... 5

*Doe v. Bolton*
    410 U.S. 179 (1973) ..................................................................................................... 12

*Dunn v. Blumstein*
    405 U.S. 330 (1978) .................................................................................................. 7, 10

*Edwards v. California*
    314 U.S. 160 (1941) ....................................................................................................... 7

*Fisher v. Reiser*
    610 F.2d 629 (9th Cir. 1979) ........................................................................................ 11

*Ford v. Schering-Plough Corp.,*
    145 F.3d 601 (3d Cir. 1998) ........................................................................................... 5

*Kost v. Kozakiewicz*
    1 F.3d 176 (3d Cir. 1993) ............................................................................................... 5

*Maldonado v. Houstoun*
    157 F.3d 179 (3d Cir. 1998) .................................................................................... 7, 10

*Markowitz v. Northeast Land Co.*
    906 F.2d 100 (3d Cir. 1990) ........................................................................................... 5

*Martinez v. Bynum*
    461 U.S. 321 (1983) ..................................................................................................... 13

*Mem'l Hosp. v. Maricopa County*
    415 U.S. 250 (1974) ............................................................................................. 7, 8, 10

*Saenz v. Roe*
    526 U.S. 489 (1999) ....................................................................................... 2, 6, 7, 9, 12

*Scheuer v. Rhodes*
    416 U.S. 232 (1974) ........................................................................................................ 5

*Shapiro v. Thompson*
  394 U.S. 618 (1969) ................................................................................................ 2,6,10

*Slaughter House Cases*
  83 U.S. (16 Wall) 36 (1873) ............................................................................................ 7

*Zobel v. Williams*
  457 U.S. 55 (1982) ........................................................................................................ 12

CONSTITUTIONAL PROVISIONS

U.S. Const. art. IV, § 2 ................................................................................................ 1,2,6,12

U.S. Const. amend. XIV, § 1, cl. 2(i) ............................................................................ 1,2,6,7

U.S. Const. amend XIV, § 1, cl. 2(iii) ........................................................................ 1,2,6,10,11

STATUTES

42 U.S.C. § 1396d(d) ......................................................................................................... 3

REGULATIONS

42 C.F.R. § 435.403(a) ....................................................................................................... 4

42 C.F.R. § 435.403(c) ....................................................................................................... 4

42 C.F.R. § 435.403(i)(1)(i) ............................................................................................... 4

42 C.F.R. § 435.403(i)(2)(ii) .............................................................................................. 4

42 C.F.R. § 483.440(a) ....................................................................................................... 3

Delaware Division of Social Services Manual § 14110 ..................................................... 4

Delaware Division of Social Services Manual § 14110.1 .................................................. 4

Delaware Division of Social Services Manual § 14110.2 .................................................. 4

Delaware Division of Social Services Manual § 14110.7 .................................................. 4

## NATURE AND STAGE OF PROCEEDINGS

This case is about Marianne Duffy, a 31-year-old Medicaid beneficiary with profound developmental disabilities who lives in North Carolina. Though her parents and legal guardians have moved to Delaware, and want her to join them, Delaware's Medicaid residency requirements prevent Ms. Duffy from moving to the state. These residency requirements violate Ms. Duffy's right to travel, which is secured by the Privileges and Immunities Clause of Article IV and the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment of the United States Constitution. Accordingly, her parents and legal guardians, Sean and Elise Duffy, bring this action on her behalf.

Defendants have made a motion to dismiss this case, pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Ms. Duffy has failed to state a claim upon which relief can be granted. Defendants have made five arguments: (1) that the Complaint did not allege that Delaware's residency requirement precludes Ms. Duffy from receiving appropriate care, therefore it fails to state a claim of a violation of the Privileges and Immunities Clause of the Fourteenth Amendment; (2) that the Complaint failed to allege that the residency requirement discriminated against a suspect class, thus no violation of the Equal Protection Clause is stated; (3) that the Equal Protection Clause applies only to citizens within a state's jurisdiction; (4) that the Complaint has failed to allege a violation of the Privileges and Immunities Clause of Article IV because that clause only protects the rights of visitors; and, (5) that the challenged rule is a bona fide residency requirement. Each of Defendants' arguments is incorrect. Because the Complaint alleges

facts more than sufficient to support her claim that Defendants have violated Ms. Duffy's constitutional right to travel, this Court should deny the Defendants' motion.

## SUMMARY OF ARGUMENT

1. Plaintiff has alleged facts sufficient to support her claim that Delaware's residency requirement violates the Privileges and Immunities Clause of the Fourteenth Amendment because, consistent with *Saenz v. Roe,* 526 U.S. 489 (1999), and *Bethesda Lutheran Homes & Services, Inc. v. Leean,* 122 F.3d 443 (7th Cir. 1997), she has alleged that she is a citizen of the United States, and that Defendants are enforcing a law that prevents her from exercising the privilege of moving to Delaware.

2. Plaintiff has alleged facts sufficient to support her claim that Delaware's residency requirement violates the Equal Protection Clause of the Fourteenth Amendment because she has alleged that Delaware's residency requirement unconstitutionally burdens her fundamental right to interstate travel. *See Shapiro v. Thompson*, 394 U.S. 618 (1969).

3. Plaintiff has alleged facts sufficient to support her claim that Delaware's residency requirement violates the Privileges and Immunities Clause of Article IV of the United States Constitution because, consistent with *Saenz,* 526 U.S. 489, she has alleged that Delaware's residency requirement unconstitutionally burdens her right, as a citizen of another state, to move to Delaware.

4. Defendants' argument that Delaware's residency requirement is a bona fide residency requirement goes to the merits of the case and is immaterial to whether Plaintiff has stated a claim on which relief may be granted.

## STATEMENT OF FACTS

Plaintiff Marianne Duffy has resided at Carobell, a group home in Hubert, North Carolina, since 1993. (Complaint, ¶ 21, D.I. 1). Carobell is an Intermediate Care Facility for the Mentally Retarded (ICF/MR). *Id.* The ICF/MR is a Medicaid-covered service. The purpose of an ICF/MR is to provide health and rehabilitative services for individuals with mental retardation. 42 U.S.C. § 1396d(d); 42 C.F.R. § 483.440(a). Ms. Duffy has numerous, profound disabilities including blindness, autism, and mental retardation. (Complaint, ¶¶ 1, 21, D.I. 1). She is non-verbal and requires a highly structured living environment with constant supervision and care due to her susceptibility to seizures, falling, and self-abusive behavior. (Complaint, ¶ 21, D.I. 1.) Her parents are unable to provide safe and adequate care for Marianne in their own home, even for a weekend. *Id.*

In April 2001, Marianne's father, Sean Duffy, relocated to Delaware as a result of a new job, and her mother, Elise Duffy, followed in 2002. (Complaint, ¶ 22, D.I. 1.) Marianne's parents are her legal guardians, and they want her to live in Delaware so that she can live closer to them. *Id.* Marianne has a very close relationship with her parents. (Complaint, ¶ 23, D.I. 1.) When Mr. and Mrs. Duffy lived in North Carolina, they visited Marianne weekly. *Id.* Since they have moved to Delaware, however, they have only been able to see her every three months. *Id.*

Mr. and Mrs. Duffy have applied for services through Delaware's Division of Developmental Disabilities Services (DDDS.) (Complaint, ¶ 24, D.I. 1.) Though otherwise eligible for Medicaid, Marianne's application has been placed on "inactive status" because she has not yet established Delaware residency. *Id.* Marianne has, however, been assigned a DDDS case manager, and her parents were instructed to

3

contact DDDS if Marianne moved to Delaware and became a state resident. (Complaint, ¶ 25, D.I. 1.)

Federal Medicaid regulations require states to provide Medicaid to eligible residents of the state. 42 C.F.R. § 435.403(a). Delaware state policies require that an individual be a resident of Delaware before she can receive Medicaid-covered services.[1] (Delaware Division of Social Services Manual (DSSM) § 14110, attached hereto as Exhibit A, hereinafter "DSSM.") Generally speaking, the state of residence of an individual over age 21 is the state in which she is living with the intent to remain permanently or indefinitely. 42 C.F.R. § 435.403(i)(1)(i), DSSM § 14110.1. Special rules apply to individuals who are living in institutions. The state of residence for an individual over the age of 21 who lives in an institution, and who became incapable of indicating intent before age 21, is the state of residence of the parent or legal guardian at the time of placement. 42 C.F.R. § 435.403 (i)(2)(ii), DSSM §§ 14110.7. An individual is considered incapable of indicating intent if:

> [T]he individual has an IQ of 49 or less or has a mental age of 7 or less, based on tests acceptable to the mental retardation agency in the State; is judged legally incompetent; or is found incapable of indicating intent based on medical documentation obtained from a physician, psychologist, or other person licensed by the State in the field of mental retardation.

42 CFR § 435.403 (c), *see also* DSSM § 14110.2. Marianne is incapable of indicating intent within the meaning of this rule. (Complaint, ¶ 21, D.I. 1.) Her parents were living in North Carolina when she was placed at Carobell. (Complaint, ¶¶ 21, 22, D.I. 1.) Thus,

---

[1] The Delaware Division of Social Services Manual tracks the federal criteria for determining state residency. DSSM § § 14110 – 14110.8.2. *See also*, Motion to Dismiss at 4, D.I. 11. The DSSM provisions attached in Exhibit A are printed out from the March, 2005 Division of Social Services Policy Manual CD-ROM distributed by the Division.

4

she is a North Carolina resident regardless of the residence and desire of her parents and legal guardians.

Marianne is stuck in North Carolina. She cannot move to Delaware to establish residency because she must have an appropriate residential placement and services into which she can move when she arrives. (Complaint, ¶¶ 2, 7, 27, D.I. 1.) She cannot access such a placement and services because she cannot afford to pay for it without the assistance of Medicaid. (Complaint, ¶ 2, D.I. 1.) Thus, Delaware's application of its residency rule completely forecloses her ability to exercise her constitutional right to travel.

## STANDARD OF REVIEW

In considering a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the allegations set forth in the complaint and all reasonable inferences must be drawn in favor of the Plaintiff. *See Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3d Cir. 1998). Dismissal of Plaintiff's claim is appropriate only if Plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id., quoting Conley v. Gibson,* 355 U.S. 41, 45-46, (1957); *see also Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The underlying purpose of a motion to dismiss is to determine the sufficiency of the complaint, not to resolve disputed facts or argue the merits of the claims. *See e.g. Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The issue is not whether Plaintiff will ultimately prevail, but whether she is entitled to offer evidence in support of her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Plaintiff has more than met this standard.

5