## ARGUMENT

### Introduction

Plaintiff has alleged facts sufficient to support her claim that Delaware's residency requirement violates her constitutional right to interstate travel. The right to travel is "a virtually unconditional personal right, guaranteed by the Constitution to us all." *Saenz,* 526 U.S. at 498 (1999), *quoting Shapiro,* 394 U.S. at 643 (1969) (concurring opinion). Though this right to travel is "firmly embedded in our jurisprudence," *Saenz*, 526 U.S. at 498, it is not mentioned explicitly in the U.S. Constitution. In various cases, courts have found that the right to travel can be derived from the Equal Protection Clause of the Fourteenth Amendment, the original Articles of Confederation, the Privileges and Immunities Clauses of Article IV and of the Fourteenth Amendment and the Commerce Clause. *See Saenz,* 526 U.S. at 499; *see also Bethesda Lutheran,* 122 F.3d at 445, and citations therein.

The right to travel has several different facets. In its most recent case addressing the issue, the Supreme Court identified "at least" three separate components of the right: (1) the right of a citizen to enter and leave another state, (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second state, and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state. *Saenz,* 526 U.S. at 500. The Court also made it clear that "it is a privilege of citizenship of the United States, protected from state abridgment, to enter any State of the Union, either for temporary sojourn or for the establishment of permanent residence therein and for gaining resultant citizenship thereof. If national citizenship means less than this, it means nothing." *Id.* at 511, n. 27

(quoting *Edwards v. California*, 314 U.S. 160, 183 (1941)) (concurring opinion).  S*ee*

*also Mem'l Hosp. v. Maricopa County*, 415 U.S. 250, 255 (1974); *Dunn v. Blumstein*,

405 U.S. 330, 339 (1978); *Maldonado v. Houstoun*, 157 F.3d 179, 185 (3d Cir. 1998).

### I.  Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Privileges and Immunities Clause of the Fourteenth Amendment.

The Privileges and Immunities Clause of the Fourteenth Amendment provides

that "[n]o State shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States . . ." U.S. Const., amend. XIV, § 1, cl. 2(i), *see*

*also Saenz*, 526 U.S. at 503.   "One of the privileges conferred by this Clause is that a

citizen of the United States can . . . become a citizen of any State of the Union by a bona

fide residence therein, with the same rights as other citizens of that state." *Saenz,* 526

U.S. at 503, *quoting Slaughter House Cases*, 83 U.S. (16 Wall.) 36, 80 (1873).

Defendants dispute that Plaintiff has stated a claim under this clause for the sole

reason that the Complaint does not – and cannot – assert that Delaware's rule precludes

Plaintiff from finding another appropriate residential facility in Delaware.  (Motion to

Dismiss, at 8, 9, D.I. 11.)  Defendants are incorrect.  First, Defendants have no support

for their assertion that such a specific allegation is necessary to state a violation of the

Privileges and Immunities Clause or the right to travel.  In any case, as discussed above,

the Complaint does allege that Ms. Duffy is unable to move to Delaware because she

cannot access appropriate residential services without Medicaid eligibility.  "Marianne's

health and developmental conditions prohibit her from physically relocating to Delaware

without first obtaining appropriate residential placement and services; yet, due to her

limited income, she cannot gain access to those services without first meeting the

Delaware Medicaid program's residency requirements." (Complaint, ¶ 2, D.I. 1.)  It is implicit in this assertion that no other publicly-funded placement exists.

Second, it is irrelevant whether a private placement is available.  The Complaint alleges that, without Medicaid coverage, Ms. Duffy's limited income prevents her from obtaining the placement and services she needs.  (Complaint, ¶ 2, D.I. 1.)  The existence of placements and services that could be paid for privately would not solve this problem. Recognizing this, the Supreme Court has expressly held that a state law or practice of denying publicly-funded health care benefits constitutes an unconstitutional burden on the right to travel.  In *Maricopa County,* a state statute required a year's residence in the county before an individual could receive free county-funded medical care.  415 U.S. at 252.  The plaintiffs, who had lived in the county for less than a year but could not afford to pay for medical care, challenged this requirement as a violation of the right to travel. *Id.* at 269. The Court struck down the statute as unconstitutional.  The *Maricopa County* plaintiffs did not allege that they were completely barred from county facilities – only that they were denied free care.  However, even though the plaintiffs theoretically had the opportunity to pay for care, this fact did not save the statute.  The Court's decision that the law was unconstitutional rests on its conclusion that medical care is "a basic necessity of life" and that the residency requirement effectively  "den[ied] [the plaintiff] the medical care necessary to relieve him from the wheezing and gasping of breath that attend his illness." *Id.* at 259-60.

Ms. Duffy has alleged facts that support her claim that the Clause is violated. First, she is obviously a citizen of the United States.  (Complaint, ¶ 1, D.I. 1.)  Second, she has alleged that Defendants are enforcing a law that prevents her from exercising the

privilege of moving to Delaware. (Complaint, ¶¶ 1-3, 23-27, D.I. 1.)  In *Saenz,* the

Supreme Court found that the plaintiffs had proven a violation of this clause by showing

that California's practice of providing a reduced level of cash assistance benefits to new

residents imposed a penalty on recently arrived citizens who were exercising their right to

travel. 526 U.S. 489 (1999).  Here, Ms. Duffy has alleged that Delaware's rule

completely abridges that same right.  In a factually analogous case from the Seventh

Circuit, *Bethesda Lutheran* the court struck down a requirement that had an impact

identical to the one at issue in this case.  122 F.3d 443 (7th Cir. 1997).  Institutionalized

plaintiffs could not move to Wisconsin because they could not gain entry into an

appropriate facility without first becoming Wisconsin residents.  *Id.* at 444.  The court

observed: "since anyone who is approved for protective placement is by definition

incapable of living outside [an ICF/MR] or its equivalent in restrictiveness, it is unclear

where in Wisconsin the applicant for admission is supposed to live while the placement

petition is being processed."  *Id* at. 446.  As the Complaint in this case alleges, Marianne

faces a barrier with the identical effect. [2]   She has more than met the standard of Rule

12(b)(6).

---

[2] Defendants claim that the factually similar *Bethesda Lutheran* is distinguishable and of no help to the Plaintiff.  It is true that the non-resident *Bethesda Lutheran* plaintiffs' situation differs slightly from Ms. Duffy's.  The protective placement rule at issue in *Bethesda Lutheran* prevented individuals from moving to Wisconsin regardless of whether they could pay privately for ICF/MR care, while Delaware's rule only bars individuals who cannot pay for such care without Medicaid coverage.  *See* 122 F.3d at 444-445.  This distinction does not save Delaware's requirement, however, because Ms. Duffy cannot afford to pay for a private placement.

## II. Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Equal Protection Clause of the Fourteenth Amendment.

When asserting a violation of the Equal Protection Clause, the plaintiff must show either that the classification at issue burdens the exercise of a fundamental right or that it operates to the disadvantage of some suspect class. *Shapiro*, 394 U.S. at 634. If it does either, the classification is subject to strict scrutiny and can only be upheld if it is necessary to promote a compelling governmental interest. *Id.; see also* 157 F.3d at 184 (3d Cir. 1998). As discussed above, it is well-settled that the right to travel is fundamental. *See, e.g., Dunn,* 405 U.S. at 338. The compelling interest test is therefore triggered whenever a classification "penalizes the exercise of that right." *Dunn,* 405 U.S. at 340. Such a penalty must be significant, such as a denial of one of the "basic necessities of life," for example, medical care or public welfare benefits. *Maricopa County,* 415 U.S. 250 at 259.

Defendants claim that the equal protection claim must fail because it does not allege discrimination against a suspect class. (Motion to Dismiss, at 12, D.I. 11.) However, an equal protection claim may be based *either* on a claim that a rule operates to the detriment of a suspect class *or* that it burdens a fundamental right. *See Maldonado*, 157 F.3d at 184-85 (noting that plaintiffs claimed only that the classification at issue burdened the exercise of a fundamental right, and did not claim that it classified on suspect lines.) Ms. Duffy's claim is based on the latter situation. The Defendants' argument that neither disability nor wealth is a suspect category is misplaced for the same reason. Defendants also argue that only state citizens or those temporarily within the state can invoke the protections of the Equal Protection Clause against Delaware.

(Motion to Dismiss, at 11, D.I. 11.)  This assertion is without merit and Defendants fail to support it.[3]

In this case, Ms. Duffy has alleged facts sufficient to support her equal protection claim based upon the violation of her fundamental right to travel.  First, she alleges that her parents and legal guardians wish her to move to Delaware.  (Complaint, ¶¶ 2, 22-23, D.I. 1.)  Second, she alleges that, because of her disabilities, she cannot live outside of an appropriate residential placement and without necessary services.  (Complaint, ¶¶ 1-2, 7, 21, D.I. 1.) (describing her need for a "highly structured living environment with constant supervision and care due to her susceptibility to seizures, falling and self-abusive behavior").  Third, she alleges that due to her limited income, she cannot access those services unless she receives them through Medicaid.  (Complaint, ¶¶ 2, 27, D.I. 1.)  Finally, she alleges that, unlike her, other prospective Delaware residents who either have the financial means to pay for a private placement or who do not have disabilities are free to exercise their right to travel to and settle in the state.  (Complaint, ¶ 27, D.I. 1.)  These allegations more than meet the necessary standard to avoid dismissal.

---

[3] The Defendants are mistaken when they assert that the word "jurisdiction" is synonymous with territorial boundaries.  In this case, Ms. Duffy is clearly subject to the state's jurisdiction as Delaware has assumed jurisdiction over her application for benefits.  In any event, Defendants cite only one case in support of this novel proposition, *Fisher v. Reiser*, 610 F.2d 629 (9th Cir. 1979), but it does not support their argument.  The *Fisher* court merely upheld Nevada's policy of granting increased worker's compensation benefits only to current and not former state residents; it did not find that only state citizens can invoke the protections of the Equal Protection clause against a state.  *See id.* at 636-637.

### III. Plaintiff Has Alleged Facts Sufficient to Support Her Claim That Delaware's Residency Requirement Violates the Privileges and Immunities Clause of Article IV of the U.S. Constitution.

Article IV, § 2, provides that: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const., amend. xiv, § 1. This clause bars "discrimination against citizens of States when there is no substantial reason for the discrimination other beyond the mere fact that they are citizens of other States." *Saenz,* 526 U.S. at 502. The clause provides protection for non-residents who are seeking medical services. *Id.*, *see also Doe v. Bolton,* 410 U.S. 179, 200 (1973). Defendants argue that the protections of this clause apply "only" to citizens of one state traveling temporarily to another State. (Motion to Dismiss at 6, D.I. 11.) It is true that, in *Saenz,* the Supreme Court recognized that this clause protects the "right to be treated as a welcome visitor." 526 U.S. at 500. However, the Court did not hold that the clause protects only visitors. In fact, the Court stated that the this clause protects the right of "the citizen of State A who ventures into State B to settle there and establish a home." 526 U.S. at 502, *quoting Zobel v. Williams*, 457 U.S. 55, 74 (1982) (concurring opinion).

The allegations of the Complaint provide ample support for this claim. First, Ms. Duffy is currently a citizen of North Carolina. (Complaint, ¶ 21, D.I. 1.) Second, her parents and legal guardians wish for her to come to Delaware to live and avail herself of the privileges and immunities afforded to Delaware citizens. (Complaint, ¶¶ 2, 22-24, D.I. 1.) Finally, she alleges that Delaware is enforcing a requirement that discriminates against her as a resident of another state by unconstitutionally burdening her fundamental right to travel to Delaware, and to establish residency there. (Complaint, ¶ 27, D.I. 1.) As a result of her disabilities and limited income, Ms. Duffy is unable to come to

12

Delaware to establish residency without first obtaining a Medicaid-funded residential placement.  (Complaint, ¶ 2, 27, D.I. 1.)

### IV.  Delaware's Residency Requirement Is Not a Bona Fide Residency Requirement.

Defendants claim that its rule is a "bona fide residency requirement."  (Motion to Dismiss at 12, D.I. 11.)  This argument is immaterial to whether Plaintiff has stated a claim upon which relief may be granted but instead goes to the merits of the case.  In any case, this rule does not meet the criteria for a bona fide residency requirement.  Such a requirement simply dictates that a person establish residency before demanding services that are restricted to residents.  *See Martinez v. Bynum*, 461 U.S. 321, 329 (1983).  Ms. Duffy does not argue that she does not need to establish residency to be eligible for Medicaid benefits.  Rather, she argues that the manner in which Delaware applies this requirement prevents her from *becoming* a Delaware resident.

## CONCLUSION

Because the Complaint more than adequately alleges facts to support her claims,

Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss.


Dated: July 8, 2005                                    Respectfully submitted,


*MaryBeth Musumeci*

MaryBeth Musumeci (#4128)
Dan Atkins (#2970)
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0660, ext. 228 or 229
(302) 575-0840 (fax)
mmusumeci@declasi.org
datkins@declasi.org

Jane Perkins
Sarah Somers
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

Attorneys for Plaintiff,
Marianne Duffy