IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No 05-CV-127-GMS |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, | ) ) ) ) ) | |
| MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, and | ) ) ) ) | |
| ELAINE ARCHANGELO, Director, Division of Social Services, in her official capacity, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Richard M. Donaldson
(DE Bar I.D. No. 4367)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800

A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware – Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Counsel for Defendants

Date: July 18, 2005

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................ 1

II. NONE OF PLAINTIFF'S "RIGHT TO TRAVEL" CLAIMS
DEMONSTRATE A CONSTITUTIONALLY IMPERMISSIBLE
PENALTY ON HER RIGHT TO INTERSTATE TRAVEL ............................. 2

III. PLAINTIFF'S EQUAL PROTECTION CLAIM MUST BE
DISMISSED BECAUSE THE EQUAL PROTECTION CLAUSE
APPLIES ONLY TO THOSE WITHIN A STATE'S TERRITORIAL
BOUNDARIES AND TO A NARROW CLASS OF PERSONS
OUTSIDE THE STATE THAT DOES NOT INCLUDE PLAINTIFF ................ 5

IV. CONCLUSION ............................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

Bethesda Lutheran Homes and Services, Inc. v. Leean,
    122 F.3d 443 (7th Cir. 1997) ................................................................................ 3

Bryson v. Shumway, 308 F.3d 79 (1st Cir. 2002) ............................................................ 4

Burger King Corporation v. Rudzewicz, 471 U.S. 462 (1985)............................................ 6

Memorial Hospital v. Maricopa County, 412 U.S. 250 (1974) .......................................... 3

Missouri ex rel. Gaines v. Canada, 305 U.S. 337 (1938) ................................................... 6

Plyler v. Doe, 457 U.S. 202 (1982).............................................................................. 5, 6

Prado-Steiman v. Bush, 221 F.3d 1266 (11th Cir. 2000) .................................................... 4

Shapiro v. Thompson, 394 U.S. 618 (1969) ...................................................................... 3

Vlandis v. Kline, 412 U.S. 441 (1973) .............................................................................. 3

Yick Wo v. Hopkins, 118 U.S. 356 (1886).......................................................................... 6

**STATUTES AND REGULATIONS**

42 U.S.C. § 1396n(c) ......................................................................................................... 4

42 U.S.C. § 1396n(c)(2)(C) ............................................................................................... 4

42 C.F.R. § 435.403(i) ....................................................................................................... 1

I.      **INTRODUCTION**

Plaintiff's Answering Brief clarifies the issues before the Court in a number of significant ways:  First, plaintiff confirms that she is not challenging the requirement that Delaware Medicaid is available only to Delaware residents.  The Answering Brief states:

> Ms. Duffy does not argue that she does not need to establish residency to be eligible for Medicaid benefits. Rather she argues that the manner in which Delaware applies this requirement prevents her from *becoming* a Delaware resident.

Answering Brief (D.I. 18) at 13 (emphasis in original).  See also Compl. (D.I. 1) ¶¶ 29. 31 and 33 (defendants' "process for determining Plaintiff's eligibility for Medicaid services" is alleged to be unconstitutional).  Elsewhere, she asserts that, as a result of the governing Medicaid regulations, "she is a North Carolina resident regardless of the residence and desire of her parents and legal guardians."  Answering Brief (D.I. 17) at 5.

These statements confirm that (a) plaintiff is not claiming a constitutional entitlement to a placement in a community-based or other institutional facility in Delaware, that (b) she is not claiming a constitutional entitlement to DDDS and/or Medicaid services even though she is a non-resident of Delaware, but rather that (c) she is instead claiming a constitutional entitlement to having her residency determined by a different rule than the one that appears in 42 C.F.R. § 435.403(i).  In other words, her claim is that her residency should be determined by "the residence and desire of her parents and legal guardians."

Second, the Answering Brief clarifies that plaintiff's equal protection claim (Count III of the Complaint) is based on an alleged violation of her constitutional "right to travel" – and not on any alleged discrimination against her on the basis of disability or

wealth.  See Answering Brief (D.I. 18) at 10.  As such, the equal protection claim merely restates the "right to travel" claims alleged in Counts I and II and rises or falls with those claims.

These concessions demonstrate that the principal issue before the Court is whether the circumstances alleged in the Complaint constitute a violation of plaintiff's "right to travel."

## II. NONE OF PLAINTIFF'S "RIGHT TO TRAVEL" CLAIMS DEMONSTRATE A CONSTITUTIONALLY IMPERMISSIBLE PENALTY ON HER RIGHT TO INTERSTATE TRAVEL

The state defendants' Opening Brief (D.I. 11) (at 8-9) identified a deficiency in plaintiff's allegation that Delaware's use of the Medicaid residency requirement infringes her constitutional right to interstate travel.  While the Complaint asserts (a) that Ms. Duffy requires an institutional level of care, see Compl. (D.I. 1) ¶ 21, (b) that she is unable to move to Delaware without first obtaining an appropriate ICF/MR or community-based residential placement, id. ¶ 7, and (c) that the state defendants have denied her application for Medicaid benefits on the ground that she is not a resident of Delaware, id. ¶ 1, nowhere in the Complaint is there an assertion that the Medicaid residency requirement has precluded her from being accepted in an appropriate residential facility in Delaware.[1]

This deficiency is fatal to each of plaintiff's "right to travel" claims because it was precisely this type of state-imposed barrier to being accepted into any residential facility

---

[1] This deficiency is not simply, as Plaintiff's Answering Brief (D.I. 17) misconstrues it (at 8), the absence of an allegation that Ms. Duffy cannot gain admission into a facility that could be paid for privately.  It is the absence of an allegation that Ms. Duffy cannot gain admission into any appropriate facility, public or private, and regardless of whether the placement and services are paid for through Medicaid or with private funds.

- 2 -

– public or private – that caused the Seventh Circuit to find a constitutional violation in <u>Bethesda Lutheran Homes and Services, Inc. v. Leean</u>, 122 F.3d 443, 445 (7th Cir. 1997) ("The upshot [of the Wisconsin law requiring a pre-admission protective hearing in the Wisconsin county of the person's residence] is that to be admitted to the [ICF/MR] facility the prospective resident must first establish his residence in a Wisconsin county."). Plaintiff's allegation that she cannot access Delaware's Medicaid benefits while in North Carolina is not the same thing as an allegation (which the Complaint does not make) that she cannot be admitted into any appropriate residential facility in Delaware because of the Medicaid residency requirement. This pleading deficiency requires dismissal.

Moreover, even if plaintiff could allege that she is unable to gain admission into any appropriate residential facility – public or private – in Delaware, the actual deprivation that her Complaint alleges <u>to be the result of the Medicaid residency requirement</u> would not amount to a constitutionally impermissible "penalty" on her right to interstate travel. The Supreme Court has noted that not every waiting period or residency requirement rises to the level of a "penalty" on the exercise of the right to travel. <u>Shapiro v. Thompson</u>, 394 U.S. 618, 638 n. 21 (1969). Denials of "basic necessities of life" (such as medical care) or fundamental political rights (such as the right to vote) can amount to a "penalty" on the right to travel – but less significant deprivations, such as a one-year residency requirement as a condition of lower tuition at a state college, are not. <u>See Memorial Hospital v. Maricopa County</u>, 415 U.S. 250, 256-59 (1974); <u>Vlandis v. Kline</u>, 412 U.S. 441, 452-53 (1973).

Plaintiff's Complaint alleges that the residency requirement precludes her from being eligible to receive a state-funded residential placement, but it recognizes (at least implicitly) that the types of community-based residential placements that Delaware provides under its Home and Community-Based Services ("HCBS") Medicaid Waiver are not entitlements – but rather are provided to eligible persons when "feasible" and "available" under the terms of the HCBS Waiver. See Compl. (D.I. 1) ¶ 19; accord 42 U.S.C. § 1396n(c)(2)(C). For this reason, the residency requirement does not deprive plaintiff of medical care, a place to live or any "basic necessity of life." Even if she was living in Delaware, or was in some other way deemed a Delaware resident, she (like other Delaware residents) would not be entitled to a Medicaid-funded community-based residential placement simply because she (or her parents or guardians) expressed a desire for one. See, e.g., Bryson v. Shumway, 308 F.3d 79, 86 (1st Cir. 2002) ("§ 1396n(c) contemplates state [HCBS] waiver plans with definite limits on the number of individuals served."); Prado-Steiman v. Bush, 221 F.3d 1266, 1268 (11th Cir. 2000) (the Medicaid statute and regulations "allow state Medicaid plans to apply a 'medical necessity' test to all applicants to ensure that applicants receive medical services in order of need").

The residency requirement thus precludes plaintiff from being eligible for those non-residential DDDS services that Delaware provides to its own eligible residents. One such DDDS service is the availability of a case manager – a service that the Complaint acknowledges the state defendants have afforded plaintiff, even though she is not a Delaware resident. See Compl. (D.I. 1) ¶ 25. The residency requirement does not deny her any basic necessities of life or any fundamental rights.

Accordingly, none of the three counts in plaintiff's Complaint adequately alleges a violation of plaintiff's right to interstate travel.

III.  **PLAINTIFF'S EQUAL PROTECTION CLAIM MUST BE DISMISSED BECAUSE THE EQUAL PROTECTION CLAUSE APPLIES ONLY TO THOSE WITHIN A STATE'S TERRITORIAL BOUNDARIES AND TO A NARROW CLASS OF PERSONS OUTSIDE THE STATE THAT DOES NOT INCLUDE PLAINTIFF**

The Fourteenth Amendment states that no State shall deny "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1 (emphasis added). The jurisdictional phrase in this clause has been rarely discussed by the courts.[2] In Plyler v. Doe, 457 U.S. 202, 206 (1982), a case in which children who resided in Texas and "who could not establish that they had been legally admitted into the United States" were being excluded from free admission to public schools, the Supreme Court discussed the definition of "jurisdiction," as it was used in the Equal Protection Clause of the Fourteenth Amendment. The state law at issue permitted free admission to public schools only to "United States citizens and legally admitted aliens," thereby excluding illegal aliens. Id. at 205.

In examining the applicability of the Equal Protection Clause to illegal aliens, the Court held that the term "jurisdiction" is a territorial definition, "reach[ing] into every corner of a State's territory." 457 U.S. at 215. The Court stated that all persons, including illegal aliens, were protected under the Equal Protection Clause, provided that

---

[2] "Although we have not previously focused on the intended meaning of this phrase ['within its jurisdiction'], we have had occasion to examine the first sentence of the Fourteenth Amendment, which provides that '[a]ll persons born or naturalized in the United States, and *subject to the jurisdiction thereof*, are citizens of the United States....' (Emphasis added.) Justice Gray, writing for the Court in United States v. Wong Kim Ark (citation omitted), detailed at some length the history of the Citizenship Clause, and the predominantly geographic sense in which the term 'jurisdiction' was used." Plyler v. Doe, 457 U.S. 202, 212 n.10 (1982).

they resided within the state's borders. "[T]he phrase 'within its jurisdiction' was intended in a broad sense to offer the guarantee of equal protection to all within a State's boundaries, and to all upon whom the State would impose the obligations of its laws." Id. at 214. See also Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 350 (1938) ("Manifestly, the obligation of the State to give the protection of equal laws can be performed only where its laws operate, that is, within its own jurisdiction. It is there that the equality of legal right must be maintained. That obligation is imposed by the Constitution upon the States severally as governmental entities, – each responsible for its own laws establishing the rights and duties of persons within its borders"); Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886) (the Equal Protection Clause is "universal in [its] application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws" (emphasis added)).

As noted in Plyler, the Equal Protection Clause does extend to those "upon whom the State would impose the obligations of its laws." 457 U.S. at 214. Beyond those persons who are physically within the State's territorial boundaries, however, this additional category embraces a narrow group of outsiders whose conduct or contacts with the State are sufficient to permit the State to impose the obligations of its laws upon them – such as, for example, an out-of-state defendant in a lawsuit who may be subjected to the judgment of an in-state court because he or she has purposefully availed himself/herself of the privilege of acting within the State. See Burger King Corporation v. Rudzewicz, 471 U.S. 462, 471-78 (1985). Simply applying for a benefit that the State may lawfully

reserve to its residents (e.g., welfare, voting, free medical care) is not enough to trigger a State's obligation to treat the non-resident the same as a resident.

For these reasons, plaintiff is not "within the jurisdiction" of Delaware, and the Equal Protection Clause does not impose an obligation on Delaware under the circumstances alleged in her Complaint.

## IV.   CONCLUSION

For the foregoing reasons, and those set out in defendants' Opening Brief, defendants request that the Court dismiss plaintiff's Complaint for failure to state a claim on which relief can be granted.

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Richard M. Donaldson*
　　　　　　　　　　　　　　　　　　　　　　　Richard M. Donaldson
　　　　　　　　　　　　　　　　　　　　　　　(DE Bar I.D. No. 4367)
　　　　　　　　　　　　　　　　　　　　　　　Montgomery, McCracken,
　　　　　　　　　　　　　　　　　　　　　　　  Walker & Rhoads, LLP
　　　　　　　　　　　　　　　　　　　　　　　300 Delaware Avenue, Suite 750
　　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　　　(302) 504-7800

　　　　　　　　　　　　　　　　　　　　　　　　– and –

- 8 -

                                                             */s/ A. Ann Woolfolk*
A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware
Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801

Attorneys for Defendants

Of Counsel:

Patrick T. Ryan
Jessica C. Goebeler
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA  19109
(215) 772-1500

Date:  July 18, 2005