# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   NO. 1:05-cv-127 GMS ) ) |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, | ) ) ) ) |
| MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, and | ) ) ) ) |
| ELAINE ARCHANGELO, Director, Division of Social Services, in her official capacity, | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

MaryBeth Musumeci (#4128)　　　　　　　Jane Perkins
Dan Atkins (#2970)　　　　　　　　　　　Sarah Somers
Disabilities Law Program　　　　　　　　National Health Law Program
Community Legal Aid Society, Inc.　　　　211 N. Columbia Street
100 W. 10th Street, Suite 801　　　　　　　Chapel Hill, NC 27516
Wilmington, DE 19801　　　　　　　　　(919) 968-6308
(302) 575-0660, ext. 228 or 229　　　　　　(919) 968-8855 (fax)
(302) 575-0840 (fax)　　　　　　　　　　perkins@healthlaw.org
mmusumeci@declasi.org　　　　　　　　 somers@healthlaw.org
datkins@declasi.org

Dated: July 29, 2005　　　　　　　　　　Attorneys for Plaintiff

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

ARGUMENT ....................................................................................................................... 1

I.  Plaintiff Has Adequately Alleged That Defendants' Residency Rule Unconstitutionally Burdens Her Fundamental Right to Interstate Travel By Preventing Her From Accessing Medical Care to Which She Is Otherwise Entitled Under Delaware's Medicaid Program. ........................................................................................ 1

II.  Because Plaintiff Has Alleged Facts Sufficient to Establish That Delaware Has Exercised Jurisdiction Over Her Application For Medicaid Services By Subjecting Plaintiff To Delaware's Residency Rule, Plaintiff Has Properly Invoked the Equal Protection Clause As One of the Bases For Her Claim For Redress. .............................. 3

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Pa. Med. Soc'y v. Snider*, 29 F.3d 886, 888 (3d. Cir. 1994)..........................................2

*Plyler v. Doe*, 457 U.S. 202 (1982).............................................................................. 3, 4

*Wilder v. Va. Hosp. Assoc.,* 496 U.S. 498 (1990)............................................................2


**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV, § 1, cl. 2(iii) ................................................................................ 3


**STATUTES**

42 U.S.C. § § 1396a(a)(10)(A) ........................................................................................ 1

42 U.S.C. § 1396a(a)(10) ................................................................................................. 1

42 U.S.C. § 1396d(a) ....................................................................................................... 1


**REGULATIONS**

42 C.F.R. §§ 440.10-440.50............................................................................................. 1

42 C.F.R. § 440.70 ........................................................................................................... 1

42 C.F.R. § 440.210 ......................................................................................................... 1

42 C.F.R. § 440.225 ......................................................................................................... 1


**OTHER AUTHORITIES**

Delaware State Medicaid Plan § 3.1-A ............................................................................ 1

# ARGUMENT[1]

I. <u>Plaintiff Has Adequately Alleged That Defendants' Residency Rule Unconstitutionally Burdens Her Fundamental Right to Interstate Travel By Preventing Her From Accessing Medical Care to Which She Is Otherwise Entitled Under Delaware's Medicaid Program.</u>

Defendants misconstrue Ms. Duffy's case as a claim merely for a residential placement under Delaware's home and community-based services Medicaid waiver. (Defendants' Reply Brief in Support of Their Motion to Dismiss at 4, D.I. 19). Her claim for Medicaid benefits in Delaware is not so limited.

The Medicaid program provides a broad range of health care services, and, as alleged in the complaint, Ms. Duffy seeks access to all of the services offered by Delaware's Medicaid program. For example, Delaware's Medicaid program must provide various services such as inpatient and outpatient hospitalization, laboratory and X-ray services, physician services, and home health services including medical supplies and equipment. *See* 42 U.S.C. § § 1396a(a)(10)(A), 1396d(a); 42 C.F.R. §§ 440.10-440.50, 440.70, 440.210; *see also* Delaware State Medicaid Plan, § 3.1-A, Amount, Duration, and Scope of Medical and Remedial Care and Services Provided to the Categorically Needy, at 1-3, at http://www.cms.hhs.gov/medicaid/stateplans/toc.asp?state=DE. Delaware also chooses to cover some additional Medicaid services, such as intermediate care facility services for the mentally retarded (ICF/MR) and prescription drug coverage. *See* 42 U.S.C. § 1396d(a); 42 C.F.R. § 440.225; *see also* Delaware State Medicaid Plan § 3.1-A at 5, 7. The services provided under a state's Medicaid plan are an entitlement to those who qualify. *See* 42 U.S.C. § 1396a(a)(10)

---

[1] This is Plaintiff's surreply brief in opposition to Defendants' motion to dismiss filed pursuant to the court's May 19, 2005 order approving the parties' Second Stipulation for an Extension of Defendants' Time to Respond to the Complaint and For Limited Initial Discovery. (D.I. 8, ¶ 2).

(providing that state plans must make medical assistance under the Medicaid program available to "all individuals" who meet the statutory criteria); *see also Wilder v. Va. Hosp. Assoc.,* 496 U.S. 498, 502 (1990) (observing that "[a]lthough participation in the [Medicaid] program is voluntary, participating States must comply with certain requirements imposed by the Act and regulations promulgated by the Secretary of Health and Human Services"); *accord Pa. Med. Soc'y v. Snider*, 29 F.3d 886, 888 (3d. Cir. 1994).

Plaintiff alleges that Defendants have denied her access to the entire array of services offered under Delaware's Medicaid program, not just to ICF/MR services, community-based residential placements, or the home and community-based services waiver. *See* Complaint ¶ 1 (D.I. 1) (alleging that "[p]ursuant to policy and practice, the Defendants have denied *Medicaid eligibility* to Marianne on the grounds that she is not a state resident.") (emphasis added); Complaint ¶ 2 (D.I. 1) (alleging that ". . . the Duffys applied to the Defendants to obtain residential placement *and services through Delaware's Medicaid program*.") (emphasis added); Complaint ¶ 7 (D.I. 1) (alleging that "[t]hrough her parents and legal guardians, Sean and Elise Duffy, Marianne Duffy seeks *Medicaid-covered services* in Delaware.") (emphasis added). Plaintiff has alleged facts sufficient to support her claims that Defendants' residency requirement unconstitutionally burdens her right to travel, and Defendants' motion to dismiss should be denied.

II. <u>Because Plaintiff Has Alleged Facts Sufficient to Establish That Delaware Has Exercised Jurisdiction Over Her Application For Medicaid Services By Subjecting Plaintiff To Delaware's Residency Rule, Plaintiff Has Properly Invoked the Equal Protection Clause As One of the Bases For Her Claim For Redress.</u>

Defendants, argue, without any authority, that "[s]imply applying for a benefit that the State may lawfully reserve to its residents (e.g., welfare, voting, free medical care) is not enough to trigger a State's obligation to treat the non-resident the same as a resident." (Reply Brief at 6-7, D.I. 19). Defendants concede that the Equal Protection Clause of the Fourteenth Amendment, (U.S. Const. amend. XIV, § 1, cl. 2(iii)), "does extend to those 'upon whom the State would impose the obligations of its laws.'" (Reply Brief at 6, D.I. 19) (quoting *Plyler v. Doe*, 457 U.S. 202, 214 (1982)). The protections of this clause therefore are not limited solely to those persons within the territorial boundaries of a state.

The United States Supreme Court's analysis in *Plyler* supports the conclusion that, based upon the facts alleged by Plaintiff in her complaint, Delaware has exercised "jurisdiction" over Plaintiff and her application for Medicaid-covered services for purposes of the equal protection clause. Most significantly, Delaware has assumed "jurisdiction" over Plaintiff's application by accepting it, applying its residency rule and making an initial determination on the application, and holding an appeal hearing and issuing another decision upholding the denial of benefits subject to Delaware's residency rule. (Complaint ¶ 1, 2, 24, 25, D.I. 1). Indeed, Defendants note that Delaware has assigned a case manager to Plaintiff's case. (Reply Brief at 4, D.I. 19; Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories, No. 6 (attached as **Exhibit A**)). Delaware clearly has subjected Plaintiff's application for Medicaid-covered

3

services to the operation of Delaware law and therefore, cannot be absolved of its constitutional duty to afford Plaintiff equal protection of those laws.

As the Supreme Court noted in *Plyler*,

> To permit a State to employ the phrase "within its jurisdiction" in order to identify subclasses of persons whom it would define as beyond its jurisdiction, thereby relieving itself of the obligation to assure that its laws are designed and applied equally to those persons, would undermine the principal purpose for which the Equal Protection Clause was incorporated in the Fourteenth Amendment. . . . [T]he phrase "within its jurisdiction" was intended in a broad sense to offer the guarantee of equal protection to all within a State's boundaries, and to all upon whom the State would impose the obligations of its laws. . . . Use of the phrase "within its jurisdiction" thus does not detract from, but rather confirms, the understanding that the protection of the Fourteenth Amendment extends to anyone, citizen or stranger, who *is* subject to the laws of a State. . . .

457 U.S. at 214, 215 (emphasis in original).

Thus, *Plyler* confirms that Delaware's reliance on its residency rule to reject Ms. Duffy's request for Medicaid services on the basis of her non-residence has placed Ms. Duffy within Delaware's jurisdiction for purposes of her equal protection claim. To hold otherwise would allow Delaware to "identify subclasses of persons whom it would define as beyond its jurisdiction, thereby relieving itself of the obligation to assure that its laws are designed and applied equally to those persons" and to "classify persons subject to its laws as nonetheless excepted from [the Equal Protection Clause's] protection" – results which are prohibited by *Plyler*. *Id.*

Plaintiff alleges in her complaint that Defendants' residency rule creates a "Catch-22": her health and developmental conditions prohibit her from physically relocating to Delaware without first obtaining appropriate residential placement and services; yet, due to her limited income, she cannot gain access to those services without first meeting the Delaware Medicaid program's residency requirements. (Complaint ¶ 2, D.I. 1). To

4

conclude that Plaintiff cannot invoke one of the constitutional provisions designed to provide her redress for this wrong would be a manifest injustice and a result not intended by the framers of the Bill of Rights of the Constitution.

## **CONCLUSION**

Because the Complaint more than adequately alleges facts to support her claims, for the foregoing reasons and the reasons contained in her Answering Brief in Opposition to Defendants' Motion to Dismiss, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss.

Dated:  July 29, 2005                                                         Respectfully submitted,


*/s/ MaryBeth Musumeci*_____
MaryBeth Musumeci (#4128)
Dan Atkins (#2970)
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0660, ext. 228 or 229
(302) 575-0840 (fax)
mmusumeci@declasi.org
datkins@declasi.org

Jane Perkins
Sarah Somers
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

Attorneys for Plaintiff,
Marianne Duffy

5