

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARIANNE DUFFY, by her parents and      )
legal guardians, SEAN and ELISE DUFFY,      )
         )
        Plaintiff,      )
         )
        v.      )    No. 05-CV-127-GMS
         )
VINCENT MECONI, Secretary, Delaware      )
Department of Health & Social Services, in      )
his official capacity, et al.      )
         )
        Defendants.      )

## DEFENDANTS' OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO THE DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 33, defendants Vincent Meconi, the

Secretary of the Delaware Department of Health & Social Services; Marianne Smith, the

Director of the Division of Developmental Disabilities Services ("DDDS"); and Elaine Arch-

angelo, the Director of the Division of Social Services (hereafter "the state defendants"), hereby

respond to Plaintiff's First Set of Interrogatories Directed to the Defendants as follows:

### GENERAL CONDITIONS

A.     These responses are made without in any way waiving or intending to waive, but

on the contrary intending to preserve and preserving:

1.     All objections to competency, relevancy, materiality, privilege and

admissibility as evidence for any purpose in any subsequent proceedings or the trial of this or

any other action;

2.    The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any ground;

3.    The right to object on any ground at any time to further interrogatories or other discovery proceedings involving or relating to the subject matter of the Interrogatories; and

4.    The right at any time to revise, correct, supplement, clarify or amend the responses and objections to the Interrogatories.

B.    To the extent any of the individual interrogatories are vague, ambiguous and/or confusing, the state defendants' response to any such interrogatory is based upon the state defendants' best understanding of the interrogatory and/or the terms used therein, and such response cannot properly be used as evidence except in the context in which the state defendants understood the interrogatory and/or the terms thereof.

## II.    GENERAL OBJECTIONS

A.    The state defendants object to the Interrogatories to the extent that any of the individual interrogatories seek information that is not relevant to the claims or defenses of the parties, as to which testimony would be inadmissible at trial, and which is not reasonably calculated to lead to discovery of admissible evidence.

B.    The state defendants object to the Interrogatories to the extent that any of the individual interrogatories seek information that is protected by the attorney-client privilege and/or the attorney work product doctrine.

C.    The state defendants object to the Interrogatories to the extent that any of the individual interrogatories are unreasonably broad, unduly burdensome and oppressive, and/or seek to require the state defendants to conduct an unreasonable investigation.

D.    The state defendants object to the extent that plaintiff's instructions seek to impose requirements greater than those of the Federal Rules of Civil Procedure or local rules of court.

III.   **ANSWER AND OBJECTIONS APPLICABLE TO INDIVIDUAL INTERROGATORIES**

Subject to and without waiving the above objections and without waiving the right to raise additional appropriate objections, the state defendants further respond to plaintiff's individual interrogatories as follows:

**Interrogatory No. 1**

Please explain how a person who lacks the capacity to form intent necessary to establish residency in Delaware under the Delaware Medicaid residency regulations would be considered by the defendants to be a resident of Delaware without first physically moving to Delaware.

OBJECTIONS:    The state defendants object to Interrogatory No. 1 on the grounds that:

(a) it seeks information which is not relevant to the claims or defenses of the parties in this action, as to which testimony would not be admissible at trial, and which is not reasonably calculated to lead to the discovery of admissible evidence;

(b) it fails to provide enough factual information concerning the person described in the interrogatory to permit the state defendants to answer the interrogatory; and

-3-

(c) it improperly seeks to require the state defendants to engage in speculation concerning circumstances not involved in this lawsuit.

### Interrogatory No. 2

Please identify the reasons why the Division of Developmental Disabilities Services ("DDDS") has denied Marianne Duffy eligibility for Medicaid-covered services in Delaware.

ANSWER:   Plaintiff Marianne Duffy's application for DDDS services, which would include certain Medicaid-covered services, was not denied. It was, however, not approved. The application was placed on inactive status because Ms. Duffy was and, upon information and belief, still is not a resident of Delaware.

### Interrogatory No. 3

Please identify the reasons why Marianne Duffy's appeal of DDDS's denial of her eligibility for Medicaid-covered DDDS services has been denied by DDDS.

ANSWER:   Plaintiff Marianne Duffy's application for DDDS services, which would include certain Medicaid-covered services, was not denied. It was, however, not approved. Ms. Duffy's appeal of DDDS's decision on her application for DDDS services was denied because Ms. Duffy was and, upon information and belief, still is not a resident of Delaware.

-4-

## Interrogatory No. 4

> Please identify the reasons why Marianne Duffy's name has not
> been added to DDDS's residential service client registry as a
> person seeking residential placement services in Delaware.

OBJECTION:    The state defendants object to Interrogatory No. 4 on the ground that it

incorrectly describes the DDDS client registry as a "residential service client registry" of persons

"seeking residential placement services in Delaware."

Subject to and without waiver of the foregoing objections, the state defendants answer

Interrogatory No. 4 as follows:

ANSWER:    The DDDS client registry is not a registry of persons seeking residential

placement services in Delaware.  It is a comprehensive compilation of data on the DDDS

services and needs of all the individuals who have been determined to be eligible for DDDS

services.  Plaintiff Marianne Duffy's application for DDDS services was not approved (and was

placed on inactive status) because she was and, upon information and belief, still is not a resident

of Delaware.  She is therefore not included on the DDDS registry of DDDS clients.  Neverthe-

less, DDDS has assigned a Family Support case manager for Ms. Duffy and maintains a file (on

inactive status) on her application for DDDS services.

## Interrogatory No. 5

> Please identify the reasons why the defendants require that
> individuals who are applying for Medicaid/DDDS services be
> either resident in the state of Delaware at the time of application or
> have the capacity to form intent to declare Delaware her residence.

OBJECTIONS:    The state defendants object to Interrogatory No. 5 on the grounds that:

(a) it seeks information which is not relevant to the claims or defenses of the parties in this action, as to which testimony would not be admissible at trial, and which is not reasonably calculated to lead to the discovery of admissible evidence; and

(b) it incorrectly states the residency requirement for DDDS and Medicaid-covered services.

Subject to and without waiver of the foregoing objections, the state defendants answer Interrogatory No. 5 as follows:

ANSWER:    Interrogatory No. 5 incorrectly states the residency requirement for DDDS and Medicaid-covered services. That requirement is set out in 42 C.F.R. § 435.403 and in § 14110 of the Delaware Social Services Manual ("DSSM"), which appears in Title 16 of Delaware's Administrative Code (hereafter "DSSM § 14110"). Simply "hav[ing] the capacity to form intent to declare Delaware [one's] residence" is not sufficient to make someone a Delaware resident. See 42 C.F.R. § 435.403 and DSSM § 14110. Eligibility for DDDS services and state-funded Medicaid-covered services is limited to Delaware residents in order to fairly apportion the State's limited funds to those individuals who reside in Delaware and who are most in need of state-funded supports and services.

### Interrogatory No. 6

>   Please define "inactive status" as it relates to the status of
>   Marianne Duffy's application.

ANSWER:    Plaintiff Marianne Duffy's application for DDDS services was not approved. It was placed on inactive status because she was and, upon information and belief, still is not a resident of Delaware. As a non-resident, she is not eligible for DDDS services.

Nevertheless, DDDS has assigned a Family Support case manager for Ms. Duffy and maintains a file (on inactive status) on her application for DDDS services.

                                        AS TO OBJECTIONS:

Dated: June 27, 2005

                                        Noel C. Burnham
                                        (DE Bar I.D. No. 3483)
                                        Richard M. Donaldson
                                        (DE Bar I.D. No. 4367)
                                        MONTGOMERY, MCCRACKEN,
                                            WALKER & RHOADS, LLP
                                        300 Delaware Avenue, Suite 750
                                        Wilmington, DE 19801
                                        (302) 504-7800


                                        A. Ann Woolfolk
                                        (DE Bar I.D. No. 2642)
                                        Deputy Attorney General
                                        State of Delaware – Department of Justice
                                        Carvel State Office Building
                                        820 N. French Street, 6th Floor
                                        Wilmington, DE 19801
                                        (302) 577-8400

                                        Attorneys for Defendants

Of Counsel:

Patrick T. Ryan
Jessica C. Goebeler
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

## VERIFICATION

I, Roy A. Lafontaine, Ph.D., hereby state that I am the Deputy Directory of the Division of Developmental Disabilities Services. I declare under penalty of perjury that the foregoing answers to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on June 27, 2005.

Roy A. Lafontaine, Ph.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARIANNE DUFFY, by her parents and )
legal guardians, SEAN and ELISE DUFFY, )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )        No. 05-CV-127-GMS
                                       )
VINCENT MECONI, Secretary, Delaware    )
Department of Health & Social Services, in )
his official capacity, <u>et al.</u>   )
                                       )
            Defendants.                )

## CERTIFICATION OF SERVICE

On June 28, 2005, I arranged for the attached Defendants' Objections and Answers to

Plaintiff's First Set of Interrogatories Directed to Defendants to be served by Hand Delivery

upon the following:

Daniel G. Atkins, Esquire
MaryBeth Musumeci, Esquire
Community Legal Aid Society, Inc.
Disabilities Law Program
Community Service Building
100 West 10th Street, Suite 801
Wilmington, DE 19801

Noel C. Burnham (#3483)
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Tel: (302) 504-7800