IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARIANNE DUFFY, by her parents and )
legal guardians, Sean and Elise Duffy, )
                                                                  )
                     Plaintiff, )
                                                                    )       NO. 1:05-CV-127 GMS
v. )
                                                                      )
VINCENT MECONI, Secretary, Delaware )
Department of Health & Social Services, )
in his official capacity, et al., )
                                                                      )
                     Defendants. )
_____ )

## JOINT STATUS REPORT

In preparation for the status and scheduling conference under Federal Rule of Civil Procedure 16(b) and Local Rule 16.2(b), scheduled for October 17, 2005 at 2:00 p.m., counsel for the parties submit this joint status report pursuant to the Court's September 28, 2005 Notice of Scheduling Conference (D.I. 26) and Federal Rule of Civil Procedure 26(f).

1. **Jurisdiction and Service.** This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of federal law, and 28 U.S.C. §§ 1343(a)(3) and (4), which grants this Court original jurisdiction in actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities secured by the United States Constitution and laws. All parties are subject to the Court's jurisdiction, and none remain to be served.

2. **Substance of the Action.**

**By Plaintiff:** The Plaintiff, Marianne Duffy, lives in a Medicaid-covered intermediate care facility for mental retardation (ICF/MR) in North Carolina. Her parents and legal guardians, Sean and Elise Duffy, live in Wilmington, Delaware. Plaintiff seeks Medicaid eligibility in Delaware for ICF/MR and other Medicaid-covered services.

The factual basis for Plaintiff's claims is Plaintiff's contention that Defendants have denied her Medicaid application on the grounds that she is not a Delaware state resident. Plaintiff is a thirty-one-year old Medicaid beneficiary with multiple severe disabilities, including blindness, autism, mental retardation, and a seizure disorder. Plaintiff's disabilities require an appropriate residential placement and medical services, funded through the Medicaid program. Plaintiff's medical needs make it impossible for her to live with her parents, although Plaintiff has always benefited from a close relationship with her parents. In 2001, Plaintiff's parents and legal guardians relocated to Delaware, and applied to the Defendants to obtain residential placement and services for Plaintiff through Delaware's Medicaid program. Plaintiff contends that her application was denied.

The denial of Plaintiff's Medicaid application creates a Catch 22: Plaintiff's health and developmental conditions prohibit her from physically relocating to Delaware without first obtaining appropriate residential placement and services; yet, due to her limited income, she cannot gain access to those services without first meeting the Delaware Medicaid program's residency requirements. As a result, Plaintiff currently lives in an intermediate care facility for mental retardation (ICF/MR) in North Carolina, 472 miles from her parents.

The legal bases for Plaintiff's claims are that Delaware's Medicaid residency regulation violates Plaintiff's fundamental right to interstate travel, pursuant to the Privileges and

Immunities Clause of Article IV of the U.S. Constitution, the Privileges and Immunities Clause of the Fourteenth Amendment of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**By Defendants:** Vincent Meconi is the Secretary of the Delaware Department of Health & Social Services. Marianne Smith is the Director of the Division of Developmental Disabilities Services ("DDDS"). Elaine Archangelo is the Director of the Division of Social Services. They are being sued in their official capacities.

Plaintiff Marianne Duffy is and has been a resident of North Carolina, living at Carobell, an ICF/MR group home in Hubert, North Carolina, since 1993. Plaintiff currently receives Medicaid benefits in North Carolina.

Plaintiff's parents moved to Delaware from North Carolina and applied for DDDS services on behalf of their daughter. Defendants understand that Plaintiff's parents would like a community-based residential placement for their daughter in Delaware. Delaware does provide such community-based placements to eligible Delaware residents with developmental disabilities under a Medicaid Home and Community-Based Services ("HCBS") Waiver approved by the federal government. The HCBS Waiver program is governed by 42 U.S.C. § 1396n(c) and 42 C.F.R. 430 et seq. Such community-based placements, however, are not an "entitlement" under Medicaid but, as contemplated in the statute, are provided to eligible persons when "feasible" and "available" under the terms of the HCBS Waiver. See 42 U.S.C. § 1396n(c)(2)(C). Delaware has in place federally-approved criteria for determining eligibility for home and community-based services, including residential placements, that are based on need. One additional requirement for DDDS services in general and for Medicaid-funded services under the HCBS Waiver is that the applicant be a bona fide resident of Delaware. Like other states, Dela-

ware seeks to fairly apportion its limited state funds for services to persons with developmental disabilities to persons who are residents of the state and who need the services most.

Plaintiff's application for DDDS services has been placed on "inactive status" because she is not a resident of Delaware. Plaintiff claims that Delaware's application of its and the federal Medicaid residency requirement to her while she is living in North Carolina violate her constitutional "right to travel" and her constitutional right to the "equal protection" of the laws.

Defendants believe that these claims of constitutional violations are unwarranted and legally deficient because Plaintiff has not alleged – and Defendants believe she cannot allege – that the residency requirement bars her from being accepted at, and moving into, appropriate residential facilities in Delaware. Defendants have therefore filed a Motion to Dismiss the Complaint asserting this and other legal deficiencies in the Complaint.

   3. **Identification of Issues.**

**By Plaintiff:** Plaintiff asserts that there are no factual issues genuinely in dispute. The legal issues genuinely in dispute are (1) whether Plaintiff's complaint should be dismissed for failure to state a claim on which relief can be granted; (2) whether Defendants' application of the Medicaid residency rule violates Plaintiff's fundamental right to interstate travel as secured by the Equal Protection Clause of the Fourteenth Amendment, which prohibits states from denying persons within their jurisdictions of the equal protection of the laws; (3) whether Defendants' application of the Medicaid residency rule to Plaintiff violates her rights under the Privileges and Immunities Clause of the Fourteenth Amendment, which protects the fundamental right of a citizen of the United States to travel interstate; and (4) whether Defendants' application of the Medicaid residency rule to Plaintiff violates her rights under the Privileges and Immunities Clause of Article IV of the U.S. Constitution, which prohibits discrimination against citizens of

other states when there is no substantial reason for discrimination beyond the fact that they are citizens of other states.

**By Defendants:** Defendants assert that there are certain factual issues in dispute, including:

(a) whether, as a factual matter, Delaware's residency requirement for DDDS and Medicaid HCBS Waiver services bars Plaintiff from seeking and obtaining admission into any appropriate residential facility in Delaware;

(b) whether Plaintiff's parents and legal guardians have taken any steps to seek and obtain admission for their daughter at any appropriate residential facility in Delaware; and

(c) whether Plaintiff's parents have pursued all available and appropriate options for moving their daughter to Delaware to become a resident of the state.

4. **Narrowing of Issues.**  There are dispositive issues appropriate for decision on motion. Defendants have filed and the parties have briefed a Motion to Dismiss.  See D.I. 11, 17, 18, 19, 20.  Plaintiff is prepared to file a Motion for Summary Judgment on the three legal claims raised in her Complaint as soon as the Court is ready to entertain such a motion.  Defendants will oppose such a motion.

5. **Relief.**  Plaintiff seeks the following specific relief:  (1) a declaratory judgment that the Medicaid residency rules, DSSM §§ 14110-14110.8.2 and 42 C.F.R. § 435.403(c), unconstitutionally infringe on Plaintiff's fundamental right to interstate travel in violation of the Privileges and Immunities Clause of Article IV of the United States Constitution, Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (2) a declaratory judgment that Defendants' decision to deny Plaintiff's eligibility for Medicaid

services unconstitutionally infringes on Plaintiff's fundamental right to interstate travel in violation of the Privileges and Immunities Clause of Article IV of the United States Constitution, Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (3) an injunction prohibiting Defendants from continuing to prevent Plaintiff from accessing Delaware Medicaid services on the basis of her inability to physically relocate and establish residency in Delaware without first obtaining a suitable residential placement and appropriate services in Delaware; (4) an order directing Defendants to find Plaintiff eligible for Delaware Medicaid services and enabling her to access the state system for community residential placements; and (5) an award of reasonable attorney's fees and the costs of this litigation pursuant to 42 U.S.C. §1988.  Plaintiff does not seek money damages.

      6. **Amendment of Pleadings.**  Plaintiff will amend her Complaint by November 1, 2005, to among other things, reflect the change in the state agency responsible for the administration of the Delaware Medicaid program from the Division of Social Services headed by Elaine Archangelo to the newly created Division of Medicaid and Medical Assistance headed by Harry Hill.  Plaintiff reserves the right to determine whether further amendment of pleadings is necessary within fifteen days after the Defendants file an Answer to the Complaint.

      7. **Joinder of Parties.**  No joinder of any other parties is sought at this time, but Plaintiff reserves the right to determine whether joinder of other parties is necessary within fifteen days after the Defendants file an Answer to the Complaint.

      8. **Discovery.**  Plaintiff has already engaged in limited discovery, pursuant to the Court's May 10, 2005 order approving the parties' stipulation.  See D.I. 7, 12, 15, 16.  If Defendants' Motion to Dismiss is denied, Plaintiff reserves the right to determine whether additional

discovery is necessary and propose a timeline for that discovery, within fifteen days after Defendants file an Answer to the Complaint. The parties will make their Federal Rule of Civil Procedure 26(a)(1) initial disclosures by October 21, 2005.

Defendants believe that a limited amount of discovery is necessary to determine the factual bases of certain of the averments in Plaintiff's Complaint. The areas in which Defendants believe that discovery is necessary include, for example:

(a) The averments in ¶ 2 of the Complaint that Plaintiff "cannot gain access" to "appropriate residential placement and services" in Delaware "without first meeting the Delaware Medicaid program's residency requirements."

(b) The efforts that were made on Plaintiff's behalf before and after filing this lawsuit to "gain access" to "appropriate residential placement and services" in Delaware.

(c) The averment in ¶ 21 of the Complaint that Plaintiff's "parents are unable to provide her care in their own home, even for a weekend."

The parties anticipate that they will need four (4) months for completion of discovery in this action and seek a discovery deadline of February 17, 2006.

9. **Estimated Trial Length.** If a trial is necessary on any issues after the Court's determination of the parties' dispositive motions, the parties estimate that a trial should take approximately three (3) days. The parties will endeavor to reduce the length of any trial by entering into stipulations.

10. **Jury Trial.** A jury trial is not requested.

11. **Settlement.** The parties have had preliminary discussions about whether there is any way to resolve the claims asserted in Plaintiff's Complaint. Plaintiff is amenable to a referral to the Magistrate for mediation. Plaintiff requests that any settlement discussions or mediation

proceed concurrently with the filing and briefing of a Motion for Summary Judgment. Defendants are not opposed to a referral to the Magistrate for mediation at an appropriate time, but they believe that the Court should first determine the legal issues raised in Defendants' Motion to Dismiss and in the Motion for Summary Judgment that Defendants understand Plaintiff intends to file and then, if necessary, refer any remaining issues to the Magistrate for mediation.

    12. Counsel for the parties have conferred about each of the above matters.

Respectfully submitted,

*MaryBeth Musumeci*
MaryBeth Musumeci (#4128)
Daniel Atkins (#2970)
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0660, ext. 228 or 229
(302) 575-0840 fax
mmusumeci@declasi.org
datkins@declasi.org

Jane Perkins
Sarah Somers
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

Attorneys for Plaintiff

Noel C. Burnham (#3483)
Montgomery, McCracken,
  Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7890
nburnham@mmwr.com

Patrick T. Ryan
Jessica C. Goebeler
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
pryan@mmwr.com
jgoebeler@mmwr.com

Attorneys for Defendants