IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 05-CV-127-GMS |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, <u>et al.</u> ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

Defendants Vincent Meconi, the Secretary of the Delaware Department of Health & Social Services; Marianne Smith, the Director of the Division of Developmental Disabilities Services ("DDDS"); Elaine Archangelo, the Director of the Division of Social Services; and Harry Hill, the Director of the Division of Medicaid and Medical Assistance (hereafter "the state defendants"), by and through their attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, hereby answer plaintiff's First Amended Complaint for Declaratory and Injunctive Relief as follows, denying each and every averment except as expressly admitted below:

<u>**INTRODUCTION**</u>

1. Admitted in part; denied in part. The state defendants admit the first sentence of this paragraph upon information and belief. The remainder of this paragraph is denied.

2. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the first, second, fourth and fifth sentences of paragraph 2, except that the state defendants (a) admit that, in 2001, plaintiffs' parents submitted an application for services to DDDS (then known as the Division of Mental Retardation), (b) deny that such application was denied, and (c) deny plaintiff's allegation that a "Catch-22" has been created. The state defendants also deny the averments in the third sentence of paragraph 2. To the contrary, plaintiff's application for DDDS services was placed on "inactive status" pending plaintiff's relocation to Delaware.

3. Admitted in part; denied in part. It is admitted only that plaintiff seeks declaratory and injunctive relief. It is denied that the state defendants have unconstitutionally restricted plaintiff's right to travel.

## JURISDICTION

4. The state defendants admit that this Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint. However, the state defendants deny plaintiffs' description of the scope of jurisdiction conferred by the statutes referenced in paragraph 4.

5. The state defendants admit that plaintiff seeks relief pursuant to 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and 42 U.S.C. § 1983. The state defendants deny, however, that she is entitled to any of the relief she seeks under those statutes and rules.

6. Admitted in part; denied in part. It is admitted that the state defendants may be found in the District of Delaware and that venue for this action is proper in the District of Delaware. The remainder of this paragraph is denied.

**PARTIES**

7. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7, except that the state defendants admit that, through her parents, plaintiff is seeking certain Medicaid-covered services in Delaware.

8. Admitted.

9. Admitted.

10. Admitted, except that the state defendants believe that the reference in paragraph 10 to 29 Del. C. § 7093 should be a reference to 29 Del. C. § 7903.

11. Admitted.

**LEGAL FRAMEWORK**

12. Admitted.

13. The state defendants deny plaintiff's characterization and paraphrasing of the federal regulations governing Medicaid coverage. Those regulations are in writing and speak for themselves.

14. The state defendants deny plaintiff's characterization and paraphrasing of the federal regulations governing Medicaid coverage. Those regulations are in writing and speak for themselves. It is specifically denied that 42 C.F.R. § 435.1009 sets forth the definition of an intermediate care facility for the mentally retarded ("ICF/MR"). To the contrary, the definition of an ICF/MR appears at 42 U.S.C. § 1396d(d).

15. The state defendants deny plaintiff's characterization and paraphrasing of the federal regulations governing Medicaid coverage. Those regulations are in writing and speak for

themselves. The state defendants admit, however, that the quotation in the second sentence of paragraph 15 from 42 C.F.R. § 435.403(c) is accurate.

16. The state defendants deny plaintiff's characterization and paraphrasing of the federal regulations governing Medicaid coverage. Those regulations are in writing and speak for themselves.

17. Denied as stated. It is admitted that the criteria in the DSSM for determining state residency are similar to the federal regulations that appear in 42 C.F.R. § 435.403. However, it is denied that the DSSM "incorporates" the federal criteria. By way of further answer, as a participant in the federal Medicaid program, Delaware is bound by, and has agreed to administer its Medicaid program in accordance with, all applicable federal regulations.

18. Denied.

19. Denied, except that the state defendants admit that (a) providing medical assistance for covered services in an ICF/MR is an optional type of coverage under the federal Medicaid statute, (b) Delaware has chosen to provide medical assistance for covered services in an ICF/MR under its State Medicaid Plan, and (c) under the federal regulations, an ICF/MR may have as few as four residents.

20. Denied. The requirements for obtaining a waiver of certain otherwise applicable Medicaid requirements in connection with providing medical assistance for home or community-based services are set out in 42 U.S.C. § 1396n(c). The state defendants deny plaintiff's characterization, paraphrasing and misstatement of those requirements.

21. Denied.

## **STATEMENT OF FACTS**

22. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22, except that the state defendants admit, upon information and belief, that (a) plaintiff has resided in a group home in Hubert, North Carolina and (b) plaintiff's disabilities include blindness, autism and mental retardation.

23. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. Admitted, except that the state defendants deny the averment that plaintiff's parents' application for DDDS services sought ICF/MR services.

26. The first and second sentences of paragraph 26 are denied as stated. To the contrary, plaintiff's application for DDDS services was placed on "inactive status" pending plaintiff's relocation to Delaware. Moreover, the state defendants deny plaintiff's characterization and paraphrasing of the letter, dated July 3, 2003, from Marianne Smith concerning the appeal plaintiff's parents took within DDDS. That letter is in writing and speaks for itself. The state defendants admit the third sentence of paragraph 26.

27. Admitted, except that the state defendants deny plaintiff's characterization of the DDDS Registry as a repository of information on "person[s] seeking residential services." To the contrary, the Registry is a comprehensive compilation of data on the DDDS services and needs of all the individuals who have been determined to be eligible for DDDS services. Information in the Registry is used for a number of purposes, including planning by DDDS.

28. Denied.

## COUNT I – VIOLATION OF PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV OF THE UNITED STATES CONSTITUTION

29. The state defendants incorporate by reference their responses to paragraphs 1 through 28 above as if set forth at length herein.

30. Denied.

WHEREFORE, defendants Vincent Meconi, Marianne Smith, Elaine Archangelo and Harry Hill respectfully request that judgment be entered in their favor and against plaintiff, together with costs, attorneys' fees, and other such relief as the Court may deem appropriate under the circumstances.

## COUNT II – VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

31. The state defendants incorporate by reference their responses to paragraphs 1 through 30 above as if set forth at length herein.

32. Denied.

WHEREFORE, defendants Vincent Meconi, Marianne Smith, Elaine Archangelo and Harry Hill respectfully request that judgment be entered in their favor and against plaintiff, together with costs, attorneys' fees, and other such relief as the Court may deem appropriate under the circumstances.

## COUNT III – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

33. The state defendants incorporate by reference their responses to paragraphs 1 through 32 above as if set forth at length herein.

34. Denied.

WHEREFORE, defendants Vincent Meconi, Marianne Smith, Elaine Archangelo and Harry Hill respectfully request that judgment be entered in their favor and against plaintiff, together with costs, attorneys' fees, and other such relief as the Court may deem appropriate under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to set forth any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of the state defendants has violated any of plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury or damages as a result of any acts or omissions of the state defendants.

### FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of the state defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

**FIFTH AFFIRMATIVE DEFENSE**

Nothing in the federal Medicaid statute, applicable federal regulations or any state law or regulation implementing Delaware's Medicaid Plan requires Delaware to provide ICF/MR or community-based services.  To the contrary, Medicaid provides for "medical assistance" – which is expressly defined as "payment of part or all of the cost" of covered services.

**SIXTH AFFIRMATIVE DEFENSE**

Nothing in the federal or Delaware Medicaid regulations for determining the residency of an institutionalized individual over age 21 who became incapable of indicating intent before age 21 bars plaintiff or her parents from seeking, applying for plaintiff's admission to, and obtaining admission for plaintiff in an appropriate residential facility in Delaware or from seeking and (assuming all other Medicaid eligibility requirements are met) obtaining Medicaid coverage for some or all of the Medicaid-covered services that are provided to plaintiff once she becomes a resident in that facility.

WHEREFORE, defendants Vincent Meconi, Marianne Smith, Elaine Archangelo and Harry Hill respectfully request that judgment be entered in their favor and against plaintiff, together with costs, attorneys' fees, and other such relief as the Court may deem appropriate

under the circumstances.

                                      Respectfully submitted,

Date:  November 28, 2005                    /s/ Noel C. Burnham
                                      Noel C. Burnham
                                      (DE Bar I.D. No. 3483)
                                      Richard M. Donaldson
                                      (DE Bar I.D. No. 4367)
                                      MONTGOMERY, MCCRACKEN, WALKER
                                        & RHOADS, LLP
                                      300 Delaware Avenue, Suite 750
                                      Wilmington, DE 19801
                                      (302) 504-7800

                                      A. Ann Woolfolk
                                      (DE Bar I.D. No. 2642)
                                      Deputy Attorney General
                                      State of Delaware – Department of Justice
                                      Carvel State Office Building
                                      820 N. French Street, 6th Floor
                                      Wilmington, DE  19801
                                      (302) 577-8400

                                      Attorneys for Defendants

Of Counsel:

Patrick T. Ryan
Jessica C. Goebeler
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 05-CV-127-GMS ) |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, et al. | ) ) ) ) |
| Defendants. | ) |

**CERTIFICATION OF SERVICE**

On Monday, November 28, 2005, I arranged for 2 copies of the foregoing Answer and Affirmative Defenses of Defendants to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief, to be served by hand delivery upon the following:

>Daniel G. Atkins, Esquire
>MaryBeth Musumeci, Esquire
>Community Legal Aid Society, Inc.
>Disabilities Law Program
>Community Service Building
>100 West 10th Street, Suite 801
>Wilmington, DE  19801

>      /s/ Noel C. Burnham
>Noel C. Burnham (#3483)
>MONTGOMERY, MCCRACKEN,
>   WALKER & RHOADS, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE  19801
>Tel: (302) 504-7800