IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, ) ) ) ) Plaintiff, ) ) v. ) ) VINCENT MECONI, Secretary, Delaware ) Department of Health & Social Services, in ) his official capacity, et al., ) ) ) Defendants. ) | No. 05-CV-127-GMS |

**DEFENDANTS' OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants Vincent Meconi, the Secretary of the Delaware Department of Health & Social Services; Marianne Smith, the Director of the Division of Developmental Disabilities Services ("DDDS"); and Elaine Archangelo, the Director of the Division of Social Services (hereafter "the state defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's First Request for Admissions as follows:

I. **GENERAL CONDITIONS**

A. These responses are made without in any way waiving or intending to waive, but on the contrary intending to preserve and preserving:

1. All objections to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceedings or the trial of this or any other action;

    2.    The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any ground;

    3.    The right to object on any ground at any time to further requests for admissions or other discovery proceedings involving or relating to the subject matter of the Request for Admissions; and

    4.    The right at any time to revise, correct, supplement, clarify or amend the responses and objections to the Request for Admissions.

    B.    To the extent any of the individual requests for admission are vague, ambiguous, and/or confusing, the state defendants' response to any such request for admission is based upon the state defendants' best understanding of the request for admission and/or the terms used therein, and such response cannot properly be used as evidence except in the context in which the state defendants understood the request for admissions and/or the terms thereof.

## II.    GENERAL OBJECTIONS

    A.    The state defendants object to the Request for Admissions to the extent that any of the individual requests seek information that is not relevant to the claims or defenses of the parties in this action, as to which testimony would not be admissible at trial, and which is not reasonably calculated to lead to discovery of admissible evidence.

    B.    The state defendants object to the Request for Admissions to the extent that any of the individual requests seek information that is protected by the attorney-client privilege and/or the attorney work product doctrine.

C.  The state defendants object to the Request for Admissions to the extent that any of the individual requests are unreasonably broad, are unduly burdensome and oppressive, and/or seek to require the state defendants to conduct an unreasonable investigation.

D.  The state defendants object to the extent that plaintiff's instructions seek to impose requirements that are greater than those of the Federal Rules of Civil Procedure or local rules of court.

III.  **OBJECTIONS AND RESPONSES APPLICABLE TO INDIVIDUAL REQUESTS FOR ADMISSION**

Subject to and without waiving any of the foregoing objections and without waiving the right to raise additional appropriate objections, the state defendants further respond to plaintiff's individual requests for admission as follows:

### Request No. 1

Marianne Duffy's application for Division of Developmental Disabilities Services ("DDDS") residential placement and other Medicaid covered services was not approved.

OBJECTION:  The state defendants object to Request No. 1 on the ground that, as written, it incorrectly assumes that the application that was filed in April 2001 on plaintiff Marianne Duffy's behalf can accurately be described as an application "for Division of Developmental Disabilities Services ("DDDS") residential placement and other Medicaid covered services."

Subject to and without waiver of the forgoing objections, the state defendants answer Request No. 1 as follows:

ANSWER:  Admitted in part and denied in part. It is admitted that plaintiff Marianne

Duffy's application for DDDS services was not approved. It is, however, denied that the application can accurately be described as an application "for Division of Developmental Disabilities Services ("DDDS") residential placement and other Medicaid covered services." To the contrary, the application was an application for DDDS services, one group of which could be residential services to eligible persons in a community-based facility. There is, however, a separate determination of eligibility for residential services in a community residential facility. That eligibility determination is based on an assessment of the level of care the DDDS client needs and an assessment of the degree to which the DDDS client's current life circumstances might precipitate a need for residential placement.

Plaintiff Marianne Duffy's application for DDDS services was placed on inactive status because she was not a resident of Delaware and, upon information and belief, is still not a resident of Delaware.

### Request No. 2

DDDS did not approve Marianne Duffy's application for DDDS services because it determined that she is not a resident of the state of Delaware.

ANSWER:   Admitted.

### Request No. 3

Marianne Duffy is incapable of indicating intent within the meaning of the federal Medicaid regulations and Delaware rules.

ANSWER:   After reasonable investigation, the state defendants can neither admit nor deny Request No. 3 because plaintiff Marianne Duffy's condition has not been assessed by the

State of Delaware under the criteria set out in the federal Medicaid regulations, see 42 C.F.R. § 435.403, and in § 14110 of the Delaware Social Services Manual ("DSSM"), which appears in Title 16 of Delaware's Administrative Code (hereafter "DSSM § 14110"), to determine whether she is incapable of indicating intent for purposes of those provisions. Based on the medical and psychological records made available to DDDS and the written and oral reports of her parents, Sean and Elise Duffy, however, it does appear that plaintiff Marianne Duffy may not be capable of indicating intent for purposes of 42 C.F.R. § 435.403, and DSSM § 14110.

### Request No. 4

Marianne Duffy requires an institutional level of care.

OBJECTION:   The state defendants object to Request No. 4 on the ground that it fails to define precisely what plaintiff means by "institutional level of care."

Subject to and without waiver of the foregoing objections, the state defendants answer Request No. 4 as follows:

ANSWER:   After reasonable investigation, the state defendants can neither admit nor deny Request No. 4 because plaintiff Marianne Duffy's condition has not been assessed by the State of Delaware to determine whether she requires a particular level of care. Based on the medical and psychological records made available to DDDS and the written and oral reports of her parents, Sean and Elise Duffy, however, it does appear that plaintiff Marianne Duffy may need the level of care that is provided in an institutional setting.

### Request No. 5

The Delaware Division of Social Services Manual (DSSM) incorporates the federal Medicaid criteria for determining state residency for persons who live in institutions, are over the age of twenty-one and became incapable of indicating intent prior to age twenty-one and whose parents are not separated.

OBJECTION:   The state defendants object to Request No. 5 on the ground that it is vague and ambiguous with respect to the intended meaning of the word "incorporates" and the intended meaning of the phrase "whose parents are not separated."

Subject to and without waiver of the foregoing objections, the state defendants answer Request No. 5 as follows:

ANSWER:   Denied as stated. As the state defendants understand the term "incorporates," it is denied that the provisions of DSSM § 14110 incorporate the federal Medicaid regulations that appear at 42 C.F.R. § 435.403(i). However, with respect to individuals who are over age 21, live in an institution, became incapable of indicating intent before age 21, and whose parents reside in the same state and jointly filed an application for Medicaid-covered services for their developmentally disabled son or daughter, both the federal regulations and DSSM § 14110.7(a) would deem that person's residency (for Medicaid purposes) as the State of residence of the parents (or legal guardian) at the time of placement in the institution.

### Request No. 6

A denial of an application for DDDS services operates as a denial of any Medicaid-covered residential placement services for people with developmental disabilities.

OBJECTION:   The state defendants object to Request No. 6 on the ground that it is vague and ambiguous with respect to the intended meaning of the phrase "any Medicaid-covered

residential placement services for people with developmental disabilities."

Subject to and without waiver of the foregoing objections, the state defendants answer Request No. 6 as follows:

ANSWER:   Denied.  The denial of an application for DDDS services does operate as a denial of Medicaid-covered residential placement services provided and funded by the State of Delaware under Delaware's Home and Community-Based Services ("HCBS") Waiver Program. It does not, however, operate as a denial of any and all Medicaid-covered residential placement services that are or could be available in the State of Delaware.

### Request No. 7

For each of the attached documents, please admit that they are authentic:

(a) March 29, 2001 letter from DDDS in response to Ms. Duffy's request for services (Attachment A)

✓ (b) April 17, 2001 letter from DDDS placing application on inactive status (Attachment B)

(c) May 7, 2001 letter from DDDS regarding receipt of application (Attachment C)

✓ (d) September 30, 2002 letter from DDDS responding to concerns raised by Mr. Duffy (Attachment D)

✓ (e) December 18, 2002 letter from DDDS after meeting with the Duffys (Attachment E)

(f) June 2, 2003 letter from DDDS in receipt of appeal (Attachment F)

✓ (g) July 3, 2003 letter from DDDS deciding appeal (Attachment G).

ANSWER:   The state defendants admit that each of the seven documents attached to

Plaintiff's First Request for Admissions as Attachments "A" through "G," and referred to in Request No. 7(a) through No. 7(g), is authentic.

Dated: June 27, 2005

/s/ Noel C. Burnham
Noel C. Burnham
(DE Bar I.D. No. 3483)
Richard M. Donaldson
(DE Bar I.D. No. 4367)
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800

A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware – Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Attorneys for Defendants

Of Counsel:

Patrick T. Ryan
Jessica C. Goebeler
Montgomery, McCracken,
   Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, ) ) ) ) Plaintiff, ) ) v. ) ) VINCENT MECONI, Secretary, Delaware ) Department of Health & Social Services, in ) his official capacity, <u>et al.</u> ) ) Defendants. ) | No. 05-CV-127-GMS |

### CERTIFICATION OF SERVICE

On June 27, 2005, I arranged for the attached Defendants' Objections and Answers to Plaintiff's First Request for Admissions to be served by first class mail upon the following:

    Daniel G. Atkins, Esquire
    MaryBeth Musumeci, Esquire
    Community Legal Aid Society, Inc.
    Disabilities Law Program
    Community Service Building
    100 West 10th Street, Suite 801
    Wilmington, DE 19801

                                Noel C. Burnham (#3483)
                                MONTGOMERY, McCRACKEN,
                                    WALKER & RHOADS, LLP
                                300 Delaware Avenue, Suite 750
                                Wilmington, DE 19801
                                Tel: (302) 504-7800