

**DELAWARE HEALTH AND SOCIAL SERVICES**

DIVISION OF
DEVELOPMENTAL DISABILITIES SERVICES

OFFICE OF THE DIRECTOR

December 18, 2002

Sean and Elise Duffy
1301 North Harrison Street
Unit 406
Wilmington, DE 19806

Dear Mr. And Mrs. Duffy,

Thank you for the opportunity that Susan Smith and I had to meet with you to discuss Marianne's case. While I understand that the outcome of our meeting was not what you had hoped for, I believe that it provided Susan and me with a clearer picture of Marianne's case. The meeting also served to help us better plan for next steps.

Pursuant to your request, I asked the Department of Justice for an opinion regarding Marianne's current residential status given the fact that you are her legal guardians. According to the Deputy Attorney General who reviewed this matter, the residential status of a legal guardian has no bearing on the residential status of the guardian's ward. Therefore, Marianne is considered to be a resident of the State of North Carolina, even though both of you are residents of the State of Delaware.

However, residential status notwithstanding, I will ask our Director of Community Services, Penny Orndorff, to assign a Family Support case manager to you for the purpose of gathering in-depth information about Marianne and her current services. This information gathering may include such things as conducting interviews with you and obtaining video materials from the agency that provides Marianne's residential services in North Carolina. Even though nothing has changed relative to all of the placement issues we discussed during our meeting, I believe that it is important for us to become better acquainted with Marianne should our placement picture improve in the future.

Sincerely,

Roy A. Lafontaine, Ph.D.
Deputy Director

D 0052

cc:    Marianne Smith; Susan Morrison-Smith; Penny Orndorff; File



Exhibit 7





**DELAWARE HEALTH AND SOCIAL SERVICES**

DIVISION OF
DEVELOPMENTAL DISABILITIES SERVICES

OFFICE OF THE DIRECTOR

June 2, 2003

Mrs. Elise Duffy
1301 N. Harrison Street, # 406
Wilmington, DE. 19806

Dear Mrs. Duffy,

I am in receipt of your appeal to a DDDS decision relative to your daughter's eligibility for services from the Division of Developmental Disabilities Services (DDDS)  When we spoke on 05/30/03 you agreed that June 11, 2003 would be a convenient time for the appeal hearing.  This letter confirms that the appeal hearing will be held on June 11, 2003, at 10:00am, in room 128 of the Jesse Cooper Building.  The Jesse Cooper Building is located on the corner of Federal Street and Water Street, in Dover.  The representative at the front desk of the Jesse Cooper Building will direct you to room 128 where the hearing will be held.  Due to a high level of security at the Jesse Cooper Building, you must have with you a picture identification card.

Please don't hesitate to call me if you have any questions or need to reschedule the appeal.  I can be reached at (302) 934-8031, ext. 247.

Sincerely,

Mary T. Anderson, M.S.W.
Quality Assurance Administrator

D 0134

Exhibit 8

Hearing Appeal for Marianne Duffy

Appealing the Denial of Services from Delaware DDDS

June 11, 2003

Dear Sir:

We are here today to appeal the decision by the Delaware Division of Developmental Services (DDDS) denying services to our daughter Marianne Duffy. We have been seeking services since our initial contact with the Division in March 2001. In a letter dated December 18, 2002 we were informed by Roy Lafontaine, Deputy Director, that services were denied because of an issue concerning her residential status.

Marianne is currently residing in a group home in North Carolina. We wish to bring her to Delaware so she can live in a similar type facility close to her family. We currently travel 1,000 mile round trips to visit our daughter.

We are Marianne's parents and her legal guardians. We are residents of Delaware. We were informed by DDDS that they had obtained a legal opinion from a Deputy Attorney General that a legal guardian cannot determine the residential status of a ward. We have requested but never received a copy of this opinion and do not believe it to be state law. We do not believe this legal opinion was carefully researched, but rather it is been used as an excuse to discourage people like us from seeking services. We believe this is an internal departmental policy, which was created to justify the denial of services to people who are not Delaware residents and **was not intended to be applied to people who wish to move into Delaware.**

In our particular case this opinion has the effect of preventing us from bringing our daughter to Delaware to live close to us. I'm sure this is not how the State intended this rule to be applied. I believe its application is somewhat arbitrary at least in our particular case. If it were applied consistently it would have the effect of preventing handicapped people from moving into the State of Delaware. I cannot believe this was the intent of the rule.

Marianne currently receives Medicaid in North Carolina. It is our understanding that group homes such as the one we are seeking a placement for Marianne receive most of their funding from Medicaid. Denial of services to Marianne prevents her from being eligible for Medicare in Delaware. This appears to be in violation of the federal rules governing the use of such funds. Again this appears to be a departmental policy, which may be at odds with federal rules.

Exhibit 9
1

D 0130

We believe that DDDS is incorrect in their reasoning for denying services to our daughter. Most reasonable people would interpret the actions by DDDS to date to be focused on finding reasons for denying services to our daughter rather than seeking ways to provide services.

We also believe that since the issue of funding has been mentioned on numerous occasions that this appears to be the main reason for denying service. The availability of funding, or the lack thereof, should not be a consideration when deciding whether a person qualifies for services.

We appeal to your reasonableness and ask that Marianne's request for services be approved so we can move forward with finding a suitable facility for her in Delaware.

Sincerely,

Sean Duffy

Elise Duffy

D 0131

2



**DELAWARE HEALTH
AND SOCIAL SERVICES**

DIVISION OF
DEVELOPMENTAL DISABILITIES SERVICES

OFFICE OF THE DIRECTOR

July 3, 2003

Mr. and Mrs. Sean Duffy
1301 North Harrison Street
Unit 406
Wilmington, DE  19806

Dear Mr. & Mrs. Duffy,

Your appeal that was presented to the Division of Developmental Disabilities Services (DDDS) Appeals Board has been reviewed with me. Mary Anderson, Appeals Board Chair, reviewed the testimony presented by you on behalf of your daughter, Marianne Duffy.

Many issues were considered when reviewing your appeal. It is understood that Marianne currently resides in a group home in North Carolina and that you are unable to care for her in your home.

It is the policy of the Delaware Health and Social Services and the Division of Developmental Disabilities Services that services are provided to Delaware citizens in an equitable and fair manner. As such, policies have been developed that require public resources to be allotted to citizens based on their level of need. The Division's *Registry* ranks the needs of individuals who apply for services and assigns them a category based on pre-established crisis indicators. Evaluative criteria for determining a person's category of need includes the caregiver's health status, the individual's health status, environmental conditions of the household, economic conditions of the household and the composition of the household. As explained to you by Roy Lafontaine in a letter dated 09/30/2002, the evaluation completed on Marianne did not result in an assignment to the *Registry's* "urgent" category. The DDDS is obligated by policy to first provide residential services to individuals in the "urgent" category before offering such to individuals in categories of lesser priority.

It is understood that Marianne currently resides in a North Carolina group home operated by Carobell, Inc., and her health and safety needs are being met. The DDDS' resources must be provided to Delaware residents whose life circumstances are considered an emergency and, thus, require immediate residential placement. Marianne is not considered a Delaware resident as long as she resides in North Carolina and her life circumstances are not considered to be of an urgent nature. As such, immediate residential services cannot be arranged for Marianne in Delaware but she will continue to have an assigned DDDS Family Support Specialist.

D 0060

Exhibit 10

JESSE C. COOPER BUILDING  •  FEDERAL STREET  •  DOVER  •  DELAWARE

Eileen Challenger, the Family Support Specialist assigned to you for Marianne, can be contacted at 302-369-2180 if Marianne's needs change and she moves to Delaware. It is important to understand that a suitable residential placement for Marianne cannot be immediately guaranteed if she moves to Delaware, however, it is essential that Eileen Challenger be advised so that she can update Marianne's records accordingly.

If you are not satisfied with the recommendations resulting from the DDDS appeal, you have the right to request an independent appeal from the Division of Social Services. Medicaid appeals should be sent to the Medicaid Fair Hearing Officer, P.O. Box 906, New Castle, DE. 19720. The contact telephone number is 302-577-4880.

Sincerely,

Marianne Smith
Director

cc: Susan-Morrison Smith
    Linda Lange



**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

RECEIVED
AUG 13 2003
...TOR'S OFFICE

M. JANE BRADY
ATTORNEY GENERAL

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

PLEASE REPLY TO :    New Castle County--Civil Division

8 August 2003

Roy Lafontaine
Deputy Director
Division of Developmental Disabilities Services
Jesse S. Cooper Building
Federal and Water Streets
Dover, Delaware 19901

Re:    Marianne Duffy

Dear Dr. Lafontaine:

This will confirm the discussions we have had over the past several months regarding Marianne Duffy. Marianne Duffy is an adult with a developmental disability who resides in North Carolina, where she is currently receiving services. Ms. Duffy's parents, who are her guardians, reside in Delaware. In my opinion, since Marianne Duffy is not resident of the State of Delaware, she is not entitled to services at the expense of the State of Delaware, despite the fact that her parents reside in Delaware.

Please let me know if you have any questions on this matter.

Very truly yours

A. Ann Woolfolk
Deputy Attorney General

AAW/bac

I:\aww\ddds\duffy.ltr

Exhibit 11

D 0063



**DELAWARE HEALTH AND SOCIAL SERVICES**
OFFICE OF THE SECRETARY

RECEIVED

FEB 9 2004

DIRECTOR'S OFFICE
D.D.D.S.

February 4, 2004

Ms. Elise Claire Duffy
1301 N. Harrison Street, #406
Wilmington, DE 19806

Dear Mrs. Duffy,

I received your letter of January 8, 2004, in which you shared with me your experiences in trying to obtain services for your daughter, Marianne Duffy, in the state of Delaware. Your letter indicates that Marianne is a young woman with significant cognitive, visual, and related disabilities, whose support needs are extensive. You noted that you and your husband want to bring Marianne from North Carolina to live in Delaware, but you have been told that Delaware cannot provide services for Marianne.

As a result of your letter, I reviewed this matter with my staff at the Division of Developmental Disabilities Services (DDDS). There appear to be two fundamental issues that prevent the DDDS from providing services for Marianne. First, Marianne is receiving MR/DD residential services as a resident of the State of North Carolina. Despite the fact that you and your husband are Marianne's legal guardians, your standing as citizens of the State of Delaware has no effect on Marianne's residential status.

Marianne cannot be deemed a resident of the State of Delaware unless she lives here, which brings me to the second barrier to services. It is readily apparent from my review of this case that Marianne cannot move to Delaware for the purpose of establishing residency _unless_ provisions are made to relocate her directly from her current residential placement to one that would be able to provide the requisite supports for her special needs. While it is clear that Marianne meets clinical eligibility for services, she must be a resident of the State of Delaware to receive those services.

The dilemma that this situation presents is that requests for residential placement from current Delaware residents with mental retardation/developmental disabilities who are in urgent need of residential services take precedence over requests for residential placement from all other sources. In addition, the DDDS makes all placement decisions on the basis of the availability of State resources, about which there are no guarantees.

Exhibit 12

D 0066

1901 N. DUPONT HIGHWAY · NEW CASTLE · DELAWARE · 19720 · TELEPHONE: (302) 255-9040 · FAX: (302) 255-4429

Letter to Elise Claire Duffy
February 4, 2004
Page Two

I regret that I cannot offer you any further publicly funded assistance; however, it may be possible for you to arrange a private placement in Delaware or one of our neighboring states to enable you to maintain the strong parental presence you desire.

Sincerely,

Vincent P. Meconi
Secretary

VPM:mas

pc:    Marianne Smith

D 0067