### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-CV-127-GMS |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, et al. | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWERING BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Noel C. Burnham
(DE Bar I.D. No. 3483)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800

Patrick T. Ryan
Jessica C. Goebeler
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

Date: June 12, 2006

A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware – Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Counsel for Defendants

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND ............................................................................................... 3

III. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ....... 5

IV. SUMMARY OF ARGUMENT .......................................................................... 5

V. ARGUMENT ..................................................................................................... 6

    A.    The Delaware Medicaid Residency Rules Do Not Prevent Plaintiff From Obtaining A Residential Placement In Delaware ............................. 6

    B.    The Delaware Medicaid Residency Rules Do Not Force Plaintiff To Pay Privately For A Residential Placement In A Delaware Facility ..................................................................................................... 9

VI. CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

### CASES

Bethesda Lutheran Homes and Servs. v. Leean, 122 F.3d 443 (7th Cir. 1997)....................8

Pa. Pharmacists Ass'n v. Houstoun, 283 F.3d 531, 533 (3d Cir. 2002)...............................7

### STATUTES

16 Del. Adm. Code § 14110.7a...................................................................................... 7-8

### REGULATIONS

42 C.F.R. § 435.403(i)(2)................................................................................................ 6-7

42 C.F.R. § 435.403(i)(2)(ii)........................................................................................... 6-7

42 C.F.R. § 435.403(i)(2)(iii).......................................................................................... 6-7

I. **<u>INTRODUCTION</u>**

Plaintiff Marianne Duffy's Motion for Summary Judgment asserts that she is entitled to the declaratory and injunctive relief her Amended Complaint seeks because, as a matter of law, the state defendants have violated her "fundamental right to interstate travel as secured by the Equal Protection Clause of the Fourteenth Amendment" and her "rights under the Privileges and Immunities Clause" of both the Fourteenth Amendment and Article IV of the U.S. Constitution. <u>See</u> Plaintiff's Opening Brief in Support of Her Motion for Summary Judgment ("Pl.'s Opening Br.") (D.I. 55), at 1-2.[1] Each of the three counts in plaintiff's Amended Complaint is thus based on the allegation that the state defendants are violating plaintiff's right to travel.

Plaintiff's position is:

> Her health and developmental conditions prohibit her from physically relocating without first obtaining an appropriate residential placement and services; yet, she cannot gain access to these services without first meeting the Delaware Medicaid program's residency requirements.

<u>Id.</u> at 1. The first part of this assertion – that Ms. Duffy's "health and developmental conditions prohibit her from physically relocating without first obtaining an appropriate residential placement and services" – may be correct (and, for purposes of the parties' cross-motions for summary judgment only, the state defendants are not disputing it). However, the second part – that "she cannot gain access to these services without first meeting the Delaware Medicaid program's residency requirements" – is factually

---

[1] Plaintiff's Answering Brief to the state defendants' Motion to Dismiss clarified that her equal protection claim (Count III of her Amended Complaint) is based on an alleged violation of her constitutional "right to travel" – and not on any alleged discrimination against her on the basis of disability or wealth. <u>See</u> Pl.'s Answering Br. (D.I. 18) at 10. As such, the equal protection claim merely restates the right to travel claims alleged in Counts I and II and rises or falls with those claims.

incorrect. As demonstrated in the state defendants' pending Motion for Summary Judgment (D.I. 50), the Delaware Medicaid residency rules do not prevent plaintiff from obtaining a residential placement in Delaware, nor do they force her (or her parents) to pay privately for a residential placement in a Delaware facility.

Throughout her Opening Brief, plaintiff repeatedly asserts that her constitutional right to travel is being violated because of the combination of the following admittedly undisputed facts:

(a) Her parents live in Delaware and desire that she move to Delaware to be closer to them.

(b) Her disabilities are very significant and prevent her from living outside an appropriate residential placement that provides needed supervision and services.

(c) Her limited income prevents her (and her parents) from being able to pay the cost of living in the type of residential facility her disabilities require. She therefore requires Medicaid assistance.

(d) The federal and Delaware Medicaid residency rules require that she move to Delaware before she can be deemed eligible for Delaware Medicaid.

See Pl.'s Opening Br. at 1, 3-7, 12-13, 17-18, 23, 25.

Plaintiff's Motion for Summary Judgment should be denied, however – and the state defendants' Motion for Summary Judgment granted – because these undisputed facts do not establish that the Delaware Medicaid residency rules are in any way preventing or hindering plaintiff from moving to an appropriate residential facility in Delaware.

As the state defendants' Motion for Summary Judgment demonstrates, there is no legal obstacle to plaintiff's and her parents' finding, applying to, and (if accepted) moving Ms. Duffy into an appropriate residential facility in Delaware directly from the

ICF/MR where she currently lives in North Carolina. The implicit assumptions that underlie Plaintiff's Motion for Summary Judgment (indeed this entire lawsuit) – that (a) she cannot be accepted at a residential facility in Delaware until she is first determined to be eligible for Delaware Medicaid and (b) she will be forced to pay privately for services in a Delaware residential facility unless she is deemed eligible for Delaware Medicaid before she leaves North Carolina – have no factual support in the record and, indeed (as the state defendants' cross-motion demonstrates) are simply incorrect.

As required by law, plaintiff's status as a Delaware resident (eligible for Delaware Medicaid) would begin immediately upon her placement in a Delaware facility – because her parents are Delaware residents. As far as Medicaid coverage goes, she would be treated no differently, in moving from a North Carolina facility to a Delaware facility, than she would be treated if she moved from one Delaware facility to another. Under the undisputed facts here, this case does not implicate plaintiff's constitutional right to travel.

## II.   BACKGROUND

Plaintiff alleges that she is disabled and "has resided at Carobell, an intermediate care facility for mental retardation (ICF/MR) group home in Hubert, North Carolina, since 1994." Pl.'s Opening Br. (D.I. 55) at 3. Her parents, Sean and Elise Duffy, are her legal guardians who have since relocated to Delaware. Id. at 4. Plaintiff asserts that her parents "want her to live in Delaware so that she can live closer to her family." Id. at 5.

Plaintiff currently receives Medicaid benefits in North Carolina. Pl.'s Opening Br. (D.I. 55) at 5. Plaintiff's parents "have applied for services on her behalf through Delaware's Division of Developmental Disabilities Services (DDDS)." Id. Plaintiff asserts that she is "stuck in North Carolina" and that she "cannot move to Delaware to

establish residency before qualifying for Medicaid because she must have an appropriate residential placement and services into which she can move when she arrives." Id. at 6.

In response to the state defendants' discovery requests, plaintiff has identified four facilities/organizations in Delaware and one in Maryland that her parents have thus far contacted: (1) The Mary Campbell Center; (2) Chimes Delaware; (3) Community Systems, Inc. ("CSI"); (4) Bancroft; and (5) Chesapeake Care Resources, Inc. – in North East, Maryland. See Answers to Interrogatory Nos. 6 and 8 (Defs.' Opening Br. (D.I. 50) App. A012-16). None of these contacts with residential facilities began until July 2005 – after plaintiffs' parents filed this lawsuit and after the state defendants filed their Motion to Dismiss. See Answer to Interrogatory No. 6 (App. A012-14).

Plaintiff alleges that "the only barrier to her exercise of her fundamental right to interstate travel is the residency requirement." Pl.'s Opening Br. (D.I. 55) at 25. However, there is absolutely no evidence that the Duffys' efforts to find an appropriate residential facility for their daughter have been in any way blocked or hindered because plaintiff is currently residing in a North Carolina ICF/MR.

If a particular facility is unable or unwilling to accept Ms. Duffy, or if the Duffys themselves conclude that a facility will not meet their daughter's needs, then it is those factors – and not her current status as a North Carolina resident under the Medicaid residency rules – that would prevent her from moving to the Delaware facility. What plaintiffs' parents are now doing – contacting residential providers to see if they can find a facility in Delaware that meets their daughter's needs – demonstrates that the Medicaid residency rules do not impinge on plaintiff's constitutional right to travel.

-4-

### III. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff's Amended Complaint seeks declaratory and injunctive relief for claimed violation of plaintiff's right to travel under the Privileges and Immunities Clause of Article IV of the Constitution, the Privileges or Immunities Clause of the Fourteenth Amendment to the Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

On October 28, 2005, this Court denied the state defendants' Motion to Dismiss. See Opinion (D.I. 34). In that opinion, the Court identified a number of concerns that it had about the effect of the federal Medicaid regulations and Delaware's state Medicaid regulations on plaintiff's ability to become eligible for Delaware Medicaid, id. at 6-8, and concluded: "Suffice it to say, without further briefing on these seemingly crucial issues, the court cannot grant the Defendants' motion to dismiss." Id. at 8.

On May 12, 2006, the parties filed cross-motions for summary judgment. This is the state defendants' Answering Brief in opposition to plaintiff's Motion for Summary Judgment.

### IV. SUMMARY OF ARGUMENT

1. Plaintiff is not entitled to summary judgment because the undisputed facts of this case show that the Delaware Medicaid residency rules do not prevent plaintiff from obtaining an appropriate residential placement in Delaware and thus do not impinge on her constitutional right to travel. There is no legal obstacle preventing or hindering plaintiff from applying to and, if accepted, moving into an appropriate Delaware residential facility.

2.  Plaintiff is not entitled to summary judgment because the undisputed facts of this case show that the Delaware Medicaid residency rules do not force plaintiff to pay privately for a residential placement in a Delaware facility and thus do not impinge on her constitutional right to travel. When and if plaintiff is accepted at and moves into an appropriate Delaware residential facility, she will <u>immediately</u> become a Delaware resident, eligible for Delaware Medicaid (and DDDS services).

## V. ARGUMENT

Plaintiff alleges that "under the federal and Delaware [Medicaid] rules and despite the fact that her parents and legal guardians have been living in Delaware for several years, she remains a North Carolina resident, and would remain so forever, unless this court provides her with relief." Pl.'s Opening Br. (D.I. 55) at 9. To the contrary, if plaintiff was accepted at and moved into a Delaware residential facility, she would immediately become a Delaware resident – and no longer be a North Carolina resident – without any action by this Court.

### A. The Delaware Medicaid Residency Rules Do Not Prevent Plaintiff From Obtaining A Residential Placement In Delaware

The applicable federal Medicaid regulations on residency state that for "any institutionalized individual who became incapable of indicating intent before age 21, the State of residence" is:

> (ii) The parent's or legal guardian's State of residence at the time of placement . . . ; or

> (iii) The current State of residence of the parent or legal guardian who files the application if the individual is institutionalized in that State . . . .

-6-

42 C.F.R. § 435.403(i)(2).  As demonstrated in the state defendants' Motion for Summary Judgment, both subsection (ii) and subsection (iii) above would make plaintiff a Delaware resident if she applied to, was accepted at, and moved into an appropriate residential facility in Delaware.  Her parents' State of residence – both currently and at the time of placement in the Delaware facility – would be Delaware (assuming plaintiff's parents do not move outside of Delaware prior to plaintiff's placement).  See Declaration of Pamela J. Tyranski ("Tyranski Decl.") ¶ 11 (Defs.' Opening Br. (D.I. 50) at App. A025).

Although Delaware does not have a Medicaid regulation that is parallel to 42 C.F.R. § 435.403(i)(2)(iii) ("The current State of residence of the parent or legal guardian who files the application if the individual is institutionalized in that State."), the state defendants' Motion for Summary Judgment (D.I. 50) demonstrates that this difference between the federal and Delaware Medicaid regulations is immaterial.  By law, Delaware is required to (and has agreed to) follow the federal Medicaid regulations.  See, e.g., Pa. Pharmacists Ass'n v. Houstoun, 283 F.3d 531, 533 (3d Cir. 2002) ("If a state chooses to participate in the [Medicaid] program, it must comply with the Medicaid Act and implementing regulations promulgated by the Secretary of Health and Human Services"); See also Defs.' Opening Br. (D.I. 50), Tyranski Decl. ¶¶ 14-15 (App. A026-27) and Exhibit "1" thereto (App. A032).  Moreover, even under Delaware's own Medicaid regulations, plaintiff would be a Delaware resident immediately upon being placed in a residential facility in Delaware.  The relevant Delaware regulation on residency states:

> For any institutionalized individual who became incapable
> of indicating intent before age 21, the State of residence is:
> the parent's or legal guardian's State of residence at the
> time of placement….

-7-

16 Del. Adm. Code § 14110.7a. Even if only the Delaware regulations governed, plaintiff would become a Delaware resident if she moved directly into a Delaware facility because Delaware would be her "parent's or legal guardian's State of residence at the time of placement." See Tyranski Decl. ¶ 16 (App. A027).

The Seventh Circuit's decision in Bethesda Lutheran Homes and Servs. v. Leean, 122 F.3d 443 (7th Cir. 1997), does not support plaintiff's arguments here. As demonstrated in the state defendants' Motion for Summary Judgment (D.I. 50), that case involved one set of plaintiffs living outside Wisconsin who were prevented by Wisconsin law from establishing residency in Wisconsin and another set of plaintiffs living in a Wisconsin facility whose residency was indeed trapped in Illinois because that was the State of residence of those plaintiffs' parents. See Defs.' Opening Br. (D.I. 50) at 11-16. Here, plaintiff's parents live in Delaware. There is no legal bar to her becoming a Delaware resident under the federal and Medicaid residency rules – by applying to, being accepted at, and moving into a residential facility in Delaware.

Plaintiff also claims that "[e]ven if processing her eligibility were immediate…, there is certain to be a delay while an appropriate placement is located." Pl.'s Opening Br. (D.I. 55) at 14. This assertion reveals an additional incorrect assumption: namely, that it is the state defendants' obligation to locate (or provide) a residential placement for her. To the contrary, the Medicaid statute does not obligate Delaware to provide ICF/MR or other residential services to plaintiff. Rather, the statute requires a participating state to provide "payment of part or all of the cost" of the covered services. See Defs.' Opening Br. (D.I. 50) at 19-20. The Medicaid obligation that Delaware would incur if plaintiff became a Delaware resident would be an obligation to provide "payment" for

covered Medicaid services – such as ICF/MR services.  There is no separate obligation to provide the actual ICF/MR services.

The federal and Delaware Medicaid residency rules thus do not "trap" plaintiff's residency in North Carolina and do not prevent her and her parents from locating, applying to, and (if accepted) moving Ms. Duffy into an appropriate residential facility in Delaware.  If she applied to, was accepted at, and moved into a Delaware facility, she would immediately become a Delaware resident – and (assuming financial eligibility) she would immediately become eligible for Delaware Medicaid.  See Defs.' Opening Br. (D.I. 50) at 13-17.

### B.     The Delaware Medicaid Residency Rules Do Not Force Plaintiff To Pay Privately For A Residential Placement In A Delaware Facility

Plaintiff argues that, since she cannot move to Delaware and live outside an appropriate facility while her Delaware Medicaid eligibility is being determined, her only "alternative" is to "pay out of pocket for a private placement" – a circumstance that she asserts would be a severe penalty on her constitutional right to travel.  Pl.'s Opening Br. (D.I. 55) at 15.  She contends that Delaware's residency rules impose an unconstitutional burden on her right to travel because they "bar[] individuals who cannot pay for [ICF/MR] care without Medicaid coverage."  Id. at 20 n.6.

These assertions that the Medicaid residency rules force someone in plaintiff's circumstances either to stay outside Delaware or to pay privately for a residential placement in Delaware have no factual support in the record and are incorrect.  As demonstrated in the state defendants' Motion for Summary Judgment (D.I. 50), there is no legal obstacle to plaintiff's applying to and, if accepted, moving directly into a residential facility in Delaware.

-9-

The Declaration of Pamela J. Tyranski ("Tyreanski Decl."), submitted in support of the state defendants' Motion for Summary Judgment (App. A022-32), further explains that, if Ms. Duffy was accepted at a Delaware residential facility, and was financially eligible for Medicaid, Delaware Medicaid would not treat her any differently – in terms of what expenses Medicaid covers – than someone who was already a Delaware resident before moving into the Delaware facility.  See Tyranski Decl. ¶ 19 (App. A028).  More specifically:

> [T]he fact that Ms. Duffy would be applying to and (if accepted) moving to a Delaware facility from out-of-state would not mean that, as Judge Sleet expressed the concern, she would be forced "to go through the extra step of paying for private placement before becoming eligible for Medicaid."  Whatever fees of the residential facility Medicaid pays for when someone moves from southern Delaware to northern Delaware would likewise be paid by Medicaid for someone like Ms. Duffy who would be moving to a Delaware facility from out-of-state.

Id. ¶ 20 (App. A028).

Thus, the Medicaid residency rules do not force plaintiff to pay privately for a residential placement in Delaware.  If she moves directly into a Delaware residential facility, and is financially eligible, she will immediately become eligible for Delaware Medicaid.

## VI.   CONCLUSION

For the foregoing reasons, and those set out in more detail in the state defendants' Motion for Summary Judgment, this Court should deny plaintiff's Motion for Summary Judgment and grant the state defendants' Motion for Summary Judgment.

Respectfully submitted,

Dated: June 12, 2006

/s/ Noel C. Burnham
Noel C. Burnham
(DE Bar I.D. No. 3483)
Richard M. Donaldson
(DE Bar I.D. No. 4367)
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800

Patrick T. Ryan
Jessica C. Goebeler
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware – Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Counsel for Defendants