**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 1:05-cv-127 GMS<br>)<br>) |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, | )<br>)<br>)<br>) |
| MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, | )<br>)<br>)<br>) |
| ELAINE ARCHANGELO, Director, Division of Social Services, in her official capacity, and | )<br>)<br>) |
| HARRY HILL, Director, Division of Medicaid and Medical Assistance, | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

Pursuant to paragraph 2(j) of the Court's form of Final Pretrial Order (D.I. 69), Plaintiff submits the following Proposed Findings of Fact and Conclusions of Law:

**Proposed Findings of Fact**

1. Ms. Duffy's parents and legal guardians wish for her to move from North Carolina to an appropriate residential placement closer to them in Delaware, and it would be in her best interests to do so.

2. Ms. Duffy's significant disabilities prevent her from living outside of an appropriate residential placement and without necessary services. Ms. Duffy cannot safely live in a private home with untrained family members or other individuals for even

a day. Provisions must be made to relocate her directly from her current placement to one that would be able to support her needs.

      3. The Duffys cannot obtain a placement for Marianne without first establishing her Delaware Medicaid eligibility. Residential placements are too expensive for Ms. Duffy to afford without the assistance of Medicaid. Due to her limited income, Ms. Duffy cannot afford to pay for her health care and can only gain access to an appropriate placement and services through Medicaid. Other prospective Delaware residents in need of institutional care who either (1) have the financial means to pay for a private placement or (2) whose disabilities do not prevent them from living in the community while their Medicaid eligibility is being determined are free to exercise their right to settle in Delaware.

      4. Ms. Duffy cannot finalize a new residential placement without first securing Medicaid funding. A private facility will not allow Ms. Duffy to move in before she can guarantee that she can pay for that placement. Private facilities require that prospective residents obtain funding and approvals of the state agency or a referral from the state agency prior to securing admission.

## Proposed Conclusions of Law

      1. Delaware state rules require that an individual be a resident of Delaware before she can receive Medicaid-covered services. 16-5000-5001 *Del. C. Regs.* § 14110. The state of residence for an individual over the age of 21 who lives in an institution, and who has been incapable of indicating intent before age 21, is the state of residence of the parent or legal guardian "at the time of placement" in the institution. 42 C.F.R. § 435.403(i)(2)(ii); 16-5000-5001 *Del. C. Regs.* § 14100.7. As a result of her significant

disabilities, Marianne Duffy is and always has been incapable of indicating intent within the meaning of the federal and Delaware Medicaid residency rules.  *See,* 42 C.F.R. § 435.403(c); 16-5000-5001 *Del. C. Regs.* § 14110.2.  Because her parents were living in North Carolina when she was placed at Carobell, Marianne Duffy will remain a North Carolina resident forever under the federal and Delaware rules unless this court provides her with relief.

      2. Delaware's Medicaid residency rules impermissibly burden Marianne Dufy's fundamental right to interstate travel in violation of the Equal Protection Clause of the Fourteenth Amendment.  U.S. Const. amend. XIV, § 1, cl. 2 (iii).  Defendants' application of the Medicaid residency requirements results in different classes of potential residents and prevents Ms. Duffy from exercising her fundamental right to interstate travel.  Unlike a person who already lives in a Delaware facility, Ms. Duffy cannot establish residency and Medicaid eligibility and therefore have funding in place prior to a move to a new facility.  Strict scrutiny is triggered by showing that a burden or penalty is imposed on the right to travel.  Forcing Ms. Duffy to attempt to live without necessary care and services or forcing her to pay out of pocket for a private placement would be a heavy penalty.  The denial of the opportunity to be placed on Delaware's registry of persons waiting for home and community-based waiver services at the time of her Medicaid application in 2001 also constitutes a significant penalty on her right to travel.  Defendants' residency rules cannot withstand strict scrutiny because Defendants' desire to fairly apportion the State's limited resources to those who need it most is not a sufficiently compelling interest and is not necessary to achieve their purported goal.

3. Defendants' Medicaid residency rules prevent Ms. Duffy from exercising her fundamental right to interstate travel in violation of the privileges and immunities clause of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1, cl. 2 (i). Ms. Duffy is a citizen of the United States. Defendants' application of the Medicaid residency requirement prevents her from exercising the privilege of moving to Delaware because she cannot live outside of an institutional setting without appropriate services but cannot afford those services without Medicaid coverage. Defendants' rule cannot withstand strict scrutiny.

4. Defendants' Medicaid residency rules violate the privileges and immunities clause of Article IV, § 2 of the U.S. Constitution, which bars discrimination against citizens of other States when there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. Ms. Duffy is currently a citizen of North Carolina. Her parents and legal guardians wish for her to become a Delaware resident and avail herself of the privileges and immunities afforded to Delaware citizens. As a result of her disabilities and limited income, Ms. Duffy is unable to come to Delaware to establish residency without first obtaining a Medicaid-funded residential placement.

Dated: September 11, 2006                    Respectfully submitted,

*/s/ MaryBeth Musumeci*_____
MaryBeth Musumeci (#4128)
Dan Atkins (#2970)
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0660, ext. 228 or 229
(302) 575-0840 (fax)
mmusumeci@declasi.org

4

datkins@declasi.org

Jane Perkins
Sarah Somers
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

Attorneys for Plaintiff,
Marianne Duffy