IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity,<br><br>MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity,<br><br>ELAINE ARCHANGELO, Director, Division of Social Services, in her official Capacity, and<br><br>HARRY HILL, Director, Division of Medical Assistance, in his official capacity,<br><br>Defendants. | C.A. No. 05-127 (GMS) |

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, pursuant to Federal Rule of Civil Procedure 54, hereby respectfully moves this Court for an award of attorneys' fees and costs as the prevailing party in this matter in the amount of $175,891.00. In support of her motion, plaintiff states as follows:

1. The plaintiff Marianne Duffy is 33 years old and lives in an intermediate care facility for mental retardation ("ICF/MR") in North Carolina. In 2001, the plaintiff's parents sought to move Marianne to Delaware with the assistance of residential

1

placement and services through Delaware's Medicaid program. The defendants, however, refused to provide Marianne with placement and services because she is not a resident of the State of Delaware. This action was filed on March 4, 2005. The complaint alleged that, by refusing to provide Marianne with services, state officials violated the plaintiff's constitutional right to travel.

2. Defendants retained highly experienced outside counsel, and on May 25, 2005, filed a Motion to Dismiss for failure to state a claim upon which relief could be granted.

3. Plaintiff, by agreement, propounded limited discovery upon the defendants, and after briefing on the Motion to Dismiss was completed, on October 28, 2005, the Court denied the defendants' Motion to Dismiss.

4. On November 28, 2005, the defendants filed their answer to the complaint with affirmative defenses, and soon after propounded discovery on the plaintiff.

5. Subsequently, the parties filed and briefed cross motions for summary judgment.

6. Trial had been set by the Court to take place from October 23-25, 2006. While the cross motions were pending, in accord with the Court's scheduling order, discovery and proposed findings of fact and conclusions of law were exchanged, and trial preparation was begun in earnest.

7. On October 19, 2006, the Court agreed with the parties' opinion that the case could be decided on summary judgment. On October 23, 2006, the Court heard oral

argument on the cross motions.

8. On September 11, 2007, the Court granted plaintiff's motion for summary judgment and denied the defendants' motion for summary judgment.

9. This action was filed pursuant to 42 U.S.C. §1983. Prevailing parties in §1983 actions are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §1988.

10. A party which succeeds on any significant issue is a "prevailing party" entitled to reasonable attorneys' fees and costs. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). It cannot be disputed that plaintiff is the prevailing party in this litigation.

11. The starting point for computation of attorneys' fees in civil rights cases is the "lodestar" figure, arrived at by multiplying the number of hours reasonably expended by the attorneys' reasonable hourly rates. Hensley v. Eckenhart, 461 U.S. 424, 433 (1983). This "resulting product is presumed to be the reasonable fee to which counsel is entitled." Pennsylvania v. Del. Valley Citizens Council for Clean Air, 478 U.S. 546, 564 (1986) (emphasis in original), quoting Blum v. Stenson, 465 U.S. 886, 897 (1984). Where, as here, the party prevails and the results are substantial, the "attorney should recover a fully compensatory fee...encompass[ing] all hours reasonably expended on the litigation...." Hensley, 461 U.S. at 435.

12. Hensley and subsequent cases held that the fee award should reflect the degree of success. Here plaintiff relied in her complaint only on a claim that her

constitutional right to travel was infringed, and the Court agreed. Plaintiff achieved the highest degree of success one could imagine.

13. Plaintiff has been represented by two attorneys from the Community Legal Aid Society, Inc. ("CLASI") and two from the National Health Law Program ("NHLP"). Both sets of attorneys kept time records contemporaneously recording their work on this matter. CLASI and NHLP served as true co-counsel, sharing equal responsibility in crafting strategy, drafting portions of briefs, pleadings, discovery, and preparing for trial and oral argument. The attorneys coordinated their work in order to reduce and minimize duplication.

14. An award of attorneys' fees should be based on prevailing market rates in the community for services by attorneys with reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 895-96 n.11. Reasonable rates are to be based on current, rather than historic, hourly rates for the lawyers involved. Missouri v. Jenkins, 491 U.S. 274, 284 (1989).

15. The reasonable hourly rates for the attorneys involved, comparable to those of similarly experienced attorneys are, for MaryBeth Musumeci, $160 for 2003-04, and $215 for 2005-07, Daniel Atkins, $220 for 2003-04, and $275 for 2005-07, Sarah Somers, $270, and Jane Perkins, $365.

16. The hours expended in this matter were as follows:

| Name | Investigating/ Preparing Complaint | Opposition to Motion to Dismiss | Cross Motions Summary Judgment | Discovery/ Trial- Argument Preparation | Attorney Fees Motion | Total Hours |
|---|---|---|---|---|---|---|
| Jane Perkins | 16.8 | 2.1 | 6.8 | 6.6 | 2.2 | 34.5 |
| Sarah Somers | 13 | 29 | 82.5 | 28.5 | 2 | 155 |
| Daniel Atkins | 22 | 13.1 | 18.3 | 91.9 | 22.2 | 167.5 |
| MaryBeth Musumeci | 75.9 | 25 | 123.7 | 128.5 | 10.9 | 364 |

17. Affidavits attesting to the appropriateness of the rates requested, Curriculum Vitae detailing the experience and qualifications of each attorney, and detailed time records specifying the work of the four attorneys provided the basis for the figures above and are attached as exhibits. (Musumeci--affidavit, time records, and CV are Exhibit A, Atkins--affidavit, time records, and CV are Exhibit B, Somers-- declaration, time records, and CV are Exhibit C, Perkins-- declaration, time records, and CV are Exhibit D.)

18. The hours sought by each attorney are listed in the table above. The total amount of money sought on behalf of the work of Ms. Musumeci is $75,460.50; on behalf of Mr. Atkins is $45,513.00; on behalf of Ms. Somers is $41,840; and on behalf of Ms. Perkins is $12,592.50, for a total of $175,406.

19. The plaintiff expended costs totaling $485.00 in prosecuting this matter. An affidavit itemizing costs incurred is attached as Exhibit E.

Wherefore, plaintiff respectfully request this Court to award her as the prevailing party $175,406.00 as attorney fees and $485.00 as costs in this matter.

                              Respectfully Submitted,
                              Community Legal Aid Society Inc.
                              Disabilities Law Program

BY:   /s/ MaryBeth Musumeci
        MaryBeth Musumeci - ID # 4128
        Daniel Atkins - ID # 2970
        100 West 10th Street, Suite 801
        Wilmington, DE 19801
        (302) 575-0690
        (302) 575-0840 (fax)
        mmusumeci@declasi.org
        datkins@declasi.org

Sarah Somers
Jane Perkins
National Health Law Program
211 N. Columbia Street
Chapel Hill, NC 27516
(919) 968-6308
(919) 968-8855 (fax)
perkins@healthlaw.org
somers@healthlaw.org

COUNSEL FOR PLAINTIFF

Dated: September 25, 2007