IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity,<br><br>MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, and<br><br>ELAINE ARCHANGELO, Director, Division of Social Services, in her official capacity,<br><br>Defendants. | No. 1:05-cv-127 |

Declaration of Jane Perkins Supporting
Plaintiffs' Motion for Attorneys' Fees and Costs

I, Jane Perkins, J.D., M.P.H., declare as follows:

1. I am an adult and competent to testify. If called as a witness in this action, I would truthfully and competently testify consistent with the following.

2. I am the Legal Director of the National Health Law Program (Health Law Program). I have worked at the Health Law Program for over twenty-three years. The Health Law Program is a non-profit law firm that provides technical and co-counseling assistance to poverty law and protection and advocacy attorneys and to clients, nationwide, on the range of health issues affecting the poor. My substantive areas of expertise are Medicaid, child health, and civil rights.

1

Exhibit D

My resume is attached.

3. I received my J.D. from the University of North Carolina, Chapel Hill, in 1981, and a Masters Degree in Public Health from the University of California, Berkeley, in 1982. I am admitted to the Bar in North Carolina (1981), California (1982), and Maryland (inactive, admitted 1983). I am also admitted to practice before the United States Supreme Court.

4. Over the years, I have served as lead or co-counsel in a number of Medicaid cases, including:

*Lankford v. Sherman*, 451 F.3d 496 (8th Cir. 2006), *on remand*, 2007 WL 689749 (W.D. Mo., Mar. 2, 2007) (Medicaid coverage of durable medical equipment)

*Edmonds v. Levine*, 417 F. Supp. 2d 1323 (S.D. Fla. 2006( summary judgment), *same case*, 233 F.R.D. 638 (S.D. Fla.) (Class certification) (Medicaid coverage of outpatient prescription drugs).

*Newton-Nations v. Rodgers*, 316 F. Supp. 2d 883 (D. Ariz. 2004) (preliminary injunction) (Medicaid copayments)

*Antrican v. Odom*, 290 F.3d 178 (4th Cir. 2002), *aff'g*, 158 F. Supp. 2d 663 (E.D.N.C. 2001), *cert denied*, 537 U.S. 973 (2002) (Medicaid dental services for children)

*Westside Mothers v. Haveman*, 289 F.3d 852 (6th Cir. 2002), *rev'g in part and aff'g in part*, 133 F. Supp. 2d 549 (E.D. Mich. 2001), *cert denied*, 537 U.S. 1045 (2002) (allowing plaintiffs to proceed with Medicaid case), *on remand*, 368 F.Supp. 2d 740 (E.D. Mich. 2005), *aff'd in part and rev'd in part*, 454 F.3d 532 (6th Cir. 2006) (Medicaid early and periodic screening services for children) (settlement pending)

*Blue v. Bonta*, 99 Cal. App. 4th 980, 121 Cal. Rptr. 2d 483 (Cal. Ct. App. 2002) ( Medicaid coverage of stairway chairlift)

*Chisholm v. Hood*, 133 F. Supp. 2d 894 (E.D. La. 2001) (requiring Medicaid coverage of behavioral services for autistic children), *same case*, 110 F. Supp. 2d 499 (E.D. La. 2001) (Medicaid coverage of occupation, speech and audiological therapy services for children)

*Salazar v. District of Columbia*, 1996 WL 768038 (D.D.C., Oct. 16, 1996) (amended findings of fact and conclusions of law), *same case*, 938 F. Supp. 926 (D.D.C. 1996) (other citations omitted) ( Medicaid early and periodic screening services for children)

*Sneede v. Coye*, 856 F. Supp. 526 (N.D. Cal. 1994) (Medicaid rules for counting family income)

*Wolford v. Lewis*, 860 F. Supp. 1123 (S.D. W.Va. 1994) ( Medicaid coverage of transportation services for individuals living in group homes and residential placements).

*Clark v. Coye*, 967 F.2d 585 (9th Cir. 1992), *aff'g and remanding* 758 F. Supp. 572 (E.D. Cal. 1990) (additional citations omitted) (Medicaid dental provider participation)

*Citizens Action League v. Kizer*, 670 F. Supp. 874 (N.D. Cal. 1987), *rev'd*, 887 F.2d 1003 (9th Cir. 1989), cert. denied, 494 U.S. 1056 (1990) (Medicaid estate recovery)

Additional selected cases in which I have participated as lead counsel or co-counsel are cited in my resume, which is attached as Exhibit A.

5. I have authored a number of publications that discuss various aspects of the Medicaid program and civil procedure. My publications include:

*Medicaid Coverage of Emergency Medical Conditions*, 38 Clearinghouse Rev. J. of Poverty L. and Pol. 384 (Sept.-Oct. 2004)

*Ensuring Linguistic Access in Health Care Settings: An Overview of Current Legal Rights and Responsibilities* (August 2003) (available from The Kaiser Family Foundation, www.kff.org)

*Toward a Healthy Future: Medicaid Early and Periodic Screening, Diagnostic and Treatment Services for Poor Children and Youth* (April 2003) (available from National Health Law Program, www.healthlaw.org)

*Race and Health*, 36 Clearinghouse Rev. J. of Poverty L. and Pol. 15 (May-June 2002)

*Medicaid: Past Successes and Future Challenges*, 12 Health Matrix: J. of Law-Medicine 7 (Winter 2002)

*Addressing Long Waits for Home and Community-Based Care Through Medicaid and the ADA*, 45 St. Louis U. L. Rev. 117 (Winter 2001) (co-authored)

An Advocate's Guide to the Medicaid Program (June 2001) (available from National Health Lw Program, www.healthlaw.org) (co-authored)

Additional selected articles are listed in my resume.

3

Exhibit D

6. From practice, I know that Medicaid cases can be among the most difficult. The Medicaid laws can be complex. As Judge Friendly of the Second Circuit Court of Appeals noted, the Medicaid Act "is almost unintelligble to the uninitiated." *Friedman v. Berger*, 547 F.2d 724, 727, n. 7 (2nd Cir. 1976). In addition, numerous entities are affected. In addition to the Medicaid beneficiary, her parents and the state Medicaid agency, affected entitles include health care providers in Delaware and North Carolina.

7. In this case, my work focuses on developing the legal theory of the case, strategic decision making, and review of written materials. As counsel in this case, I recorded my time contemporaneously throughout the day in tenth-hour intervals. The time sheet attached accurately summarizes my activities and time spent on this case up through September 24, 2007. The time sheet represents an accurate account of the time for which I am seeking fees up through September 24, 2007. On the time sheet, all entries of time expended, dates and work performed are those I personally made. In calculating my requested fee, I am not billing for time or services that I determined to be excessive, redundant, non-compensable or which otherwise I properly excluded in the exercise of billing judgment. Thus, I have not requested payment for all of my time spent on this case, including on initial and periodic case file reviews, background legal research, meetings with the researching law student, short meetings with Sarah Somers, or telephone conversations and email exchanges with co-counsel. I have also omitted or reduced billing for non-legal tasks, time spent developing issues or claims that were not ultimately presented to the Court, internal discussions of the case with knowledgeable members of the Health Law Program staff other than Sarah Somers, and conversations and activities that duplicated work that was the responsibility of other members of the litigation team. Of the total

4

34.5 hours for which I am seeking compensation, they were spent as follows: Investigation/Complaint Development: 16.8 hours; Discovery/Trial Preparation: 6.6 hours; Motions for Summary Judgment: 6.8 hours; Motions to Dismiss: 2.1 hours; Fee Preparation: 2.2 hours.

8. Previous courts have recognized my expertise with the Medicaid program in their opinions regarding attorneys' fee. In the recent attorneys' fees order issued in *Hernandez v. Medows*, No. 02-20964-CIV-GOLD/SIMONTON (S.D. Fla. Oct. 12, 2005) (Report and Recommendation), the Court stated, "Ms. Perkins is one of the top two or three Medicaid litigators in the country." A California federal district court, in 1994, found me and other Health Law Program attorneys to be "highly experienced, well regarded litigators in the area of Medicaid benefits." *Sneede v. Coye*, 856 F. Supp. 526, 535 (N.D. Cal. 1994). *See also Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.C.D.C. 2000) (awarding $265 per hour for monitoring activities in 1999).

9. Like my co-counsel, I have based my hourly rate on the fee schedule used by Community Legal Services in Philadelphia, Pennsylvania. I used the mid-point of the range reflected on their schedule based upon my years of experience. The Community Legal Services fee schedule is available at http://www.clsphila.org/Content.aspx?id=206. I am requesting a rate of $365.00 per hour.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true. Signed this 24th day of September 2007, in Chapel Hill, N.C.

/s/ Jane Perkins
Jane Perkins, J.D., M.P.H.

Exhibit D

## Duffy Time Sheet–Perkins

| Date | Activity | Time |
|---|---|---|
| 8/1/03 | Telephone conversation with DE P&A re: plaintiff's situation, potential legal claims, case strategy; memo To file re: same | 1.0 |
| 9/4/03 | TCW MaryBeth Musumeci (MBM) re: client status | 0.5 |
| 9/22/03 | TCW MBM re: case development; email exchange w/ MBM re: same | 0.4 |
| 10/22/03 | Email exchange w/MBM re: student research | 0.1 |
| 10/25/03 | Discuss case and legal claims with Chris (law student) | 0.6 |
| 11/2/03 | Rvw. Chris' draft memo; discuss additional Research w/ him | 1.4 |
| 11/5/03 | Email exchange w/MBM re: student research | 0.2 |
| 11/6/03 | Research: Medicaid requirements re: long term care | 0.6 |
| 11/6/03 | TCW MBM re: nursing facility and waiver requirements | 0.6 |
| 11/9/03 | Read final student memo on residency | 0.5 |
| 3/31/04 | TCW MBM re: similar cases in other states | 0.2 |
| 4/10/04 | Rvw. MCM memo on residency | 0.3 |
| 7/27/04 | TCW MBM re: constitutional right to travel claim; Research re: same | 1.0 |
| 7/31/04 | TCW MBM re: client status, case claims | 0.7 |
| 10/1/04 | Review/edit co-counsel & retainer; send to DA | 0.2 |
| 10/1/04 | TCW co-counsel re: provisions of complaint | 0.6 |

1

Exhibit D

| Date | Description | Hours |
|---|---|---|
| 10/21/04 | Research complaint drafting; email examples To DA & MBM | 0.5 |
| 1/14/05 | Research: residency cases | 0.8 |
| 1/31/05 | Edit complaint; discuss with Sarah Somers (SS) | 2.6 |
| 2/1/05 | Rvw./edit Co-counsel agreement; send to Dan Atkins (DA) | 0.4 |
| 2/7/05 | Edit next draft of complaint; discuss w/SS | 0.8 |
| 2/15/05 | Rvw. and finalize edits to complaint; research Federal residency regulations | 1.6 |
| 3/7/05 | Email exchange w/co-counsel re: pro hac vice | 0.4 |
| 3/9/05 | TCW co-counsel re: case status; discovery | 0.6 |
| 3/9/05 | Research: Summary judgment cases in 3d circuit | 0.6 |
| 4/13/05 | TCW co-counsel re: discovery and scheduling | 0.9 |
| 5/11/05 | CW SS re: stipulation to extend time | 0.3 |
| 5/16/05 | Email exchanges w/co-counsel re: extension of Time request | 0.2 |
| 5/16/05 | Review research re: FOIA | 0.2 |
| 5/25/05 | Rvw./edit discovery drafts | 0.5 |
| 7/5/05 | Rvw. Draft response to motion to dismiss (0.5); Discuss w/SS (0.2) | 0.7 |
| 7/19/05 | Rvw.: Def. Motion to dismiss reply | 0.4 |
| 7/19/05 | Discuss Def. Reply w/SS | 0.4 |
| 7/19/05 | Discuss SJ scheduling w/SS | 0.2 |
| 7/23/05 | Rvw./edit summary judgment brief | 2.4 |

Exhibit D

| Date | Description | Hours |
|---|---|---|
| 7/29/05 | Rvw./edit declarations | 0.8 |
| 10/10/05 | Rvw./edit status report; TCW SS re: same | 0.4 |
| 10/31/05 | Rvw. Decison re: motion to dismiss; CW SS | 0.6 |
| 11/10/05 | TCW co-counsel re:complaint status | 0.8 |
| 4/19/06 | Read interrog. Response; CW SS and MBM re:same | 0.8 |
| 4/20/06 | CW DA re: Inter. 10; email to co-counsel re: same | 0.3 |
| 5/25/06 | Rvw. Defendant's summary judgment papers | 1.1 |
| 6/9/06 | Rvw. drafts and TCW MBM & SS re: declarations | 0.7 |
| 6/11/06 | Rvw./edit summary judgment papers | 0.6 |
| 6/12/06 | Rvw. Defendant's summary judgment reply | 0.3 |
| 7/3/06 | Edit summary judgment reply | 0.3 |
| 9/8/06 | CW SS re: pretrial order | 0.3 |
| 10/16/06 | Meet w/co-counsel re: trial preparation | 1.1 |
| 9/12/07 | Read opinion; CW SS: re: same | 0.5 |
| 9/20/07 | Discuss appeal issues w/co-counsel | 0.3 |
| 9/20/07 | Preparation of fee affidavit | 1.4 |
| 9/24/07 | Finalize fee affidavit | 0.8 |
| | TOTAL: | 34.5 |

$365.00 x 34.5 = $12,592.50

3

Exhibit D

Jane Perkins
211 N. Columbia Street
Chapel Hill, NC 27514
(919) 968-6308 (Work)
(919) 968-8855 (Fax)

Admitted to bars of California, North Carolina, and Maryland

*EMPLOYMENT*

　　*Present:*

National Health Law Program - Legal Director, Chapel Hill, NC and Los Angeles, CA (November 1984 - present): Provide legal and litigation assistance on low income health access issues, including public insurance (including eligibility and enrollment; amount, duration, and scope of services; due process); civil rights; and maternal and child health issues; provide research and training on the above issues. Served as acting director of Program from May - September 1988.

　　*Previous:*

University of North Carolina, Chapel Hill - School of Social Work, Chapel Hill, NC (1993 - 2002): Clinical Associate Professor, Health Policy.

University of North Carolina, Chapel Hill - School of Law, Chapel Hill, NC (1993 - 1997): Adjunct Faculty, Health Law and Policy, Class and Seminar.

Assistant Attorney General, State of Maryland, Baltimore, MD (March 1983 - November 1984): Represented the State department of health in administrative and judicial matters; drafted certificate of need regulations and decisions; served as Counsel to the Governor's Task Force on Health Care Cost Containment; participated in the Attorney General's Health Care Task Force.

Carpenter, Higgins & Simonds, Burlingame, CA (January 1982 - March 1983). Specialized in planning and litigation for not-for-profit hospitals; work included formation of preferred provider organizations, antitrust, Medi-Cal contracting and medical staffing issues.

*EDUCATION*

　　Graduate:　　University of California School of Public Health, Berkeley, M.P.H., 1982

　　　　　　　　Honors
　　　　　　　　Graduate Honor Society

　　Legal: University of North Carolina, Chapel Hill, J.D., 1981

1

Exhibit D

<u>Honors</u>
North Carolina Academy of Trial Lawyers Trial Advocacy Award; Moot Court Best Brief Award

<u>Undergraduate</u>: Davidson College, B.A. cum laude, Political Science, 1978

<u>Honors/Activities</u>
Constitutional Law Award; Editor, <u>Pre-Law Handbook</u>; Honor Court Review Board

*SELECTED PUBLICATIONS*

Perkins, *The Civil Rights Rollback: It's Bed for Your Health*, Chapter 13 in *Awakening From the Dream*, Denise C. Morgan et al. ed. (Carolina Academic Press 2005)

Diller, Deford, Perkins & Smith, *Win Some, Lose Some: The Rehnquist Court's Final Chapter on Access to Courts*, 39 <u>Clearinghouse Rev. J. of Poverty L. and Pol.</u> 389 (Nov.-Dec. 2005)

Perkins, *Using Section 1983 to Enforce Federal Laws*, 38 <u>Clearinghouse Rev. J. of Poverty L. and Pol.</u> 720 (Mar.-Apr. 2005)

Perkins., *Medicaid Coverage of Emergency Medical Conditions*, 38 <u>Clearinghouse Rev. J. of Poverty L. and Pol.</u> 384-92 (Sept.-Oct. 2004).

Perkins et al., *Enforcing Language Access Rights: Trends and Strategies*, 38 <u>Clearinghouse Rev. J. of Poverty L. and Pol.</u> 265-75 (Sept.-Oct. 2004).

Perkins et al., *The U.S. Supreme Court's 2002-2003 Decisions on Federal Court Access*, 37 <u>Clearinghouse Rev. J. of Poverty L. and Pol.</u> 397 (Nov.-Dec. 2003).

Perkins, *Ensuring Linguistic Access in Health Care Settings: An Overview of Current Legal Rights and Responsibilities* (August 2003) (available from The Kaiser Family Foundation, www.kff.org).

Perkins and Somers, *Toward a Healthy Future: Medicaid Early and Periodic Screening, Diagnostic and Treatment Services for Poor Children and Youth* (April 2003) (available from National Health Law Program, www.healthlaw.org).

Youdelman and Perkins, *Providing Language Interpretation Services in Health Care Settings: Examples from the Field* (May 2002) (available from The Commonwealth Fund, www.cmwf.org).
Perkins, *Medicaid: Past Successes and Future Challenges*, 12 <u>Health Matrix: J. of Law-Medicine</u> 7 (Winter 2002).

2

Exhibit D

Perkins and Somers, *Sandoval's Retrenchment on Civil Rights Enforcement: The Ultimate Sorcerer's Magic*, 35 Clearinghouse Rev. J. of Poverty L. and Pol. 433 (Nov.-Dec. 2001).

Perkins, et al., *Beyond Bush v. Gore: Highlights from the Supreme Court's 2000-2001 Decisions*, 35 Clearinghouse Rev. J. of Poverty L. and Pol. 373 (Nov.-Dec. 2001).

Perkins and Somers, Representing Clients who Need Medicaid Early and Periodic Screening, Diagnosis and Treatment: A Practice Manual for the National Association of Protection & Advocacy System (Sept. 2001).

Stinnett, Perkins, Olson, and Pate, Children's Health Under Medicaid: A National Review of Early and Periodic Screening, Diagnosis and Treatment (Sept. 2001 update; Aug. 1998).

Perkins and Somers, An Advocate's Guide to the Medicaid Program (June. 2001).

Perkins and Boyle, *Addressing Long Waits for Home and Community-Based Care Through Medicaid and the ADA*, 45 St. Louis U. L. Rev. 117 (Winter 2001).

Perkins and Olson, Medicaid Managed Care and Due Process: The Law, Its Implementation, and Recommendations (two volumes) (Jan. 2001) (available from Center for Health Care Strategies, www.chcs.org).

Olson and Perkins, Recommendations for Making the Consumers' Voice Heard in Medicaid Managed Care: A Guide to Effective Consumer Involvement (Apr. 1999).

Perkins, *Maintaining Health Services for Children Amid Welfare Confusion: The Importance of Early and Periodic Screening, Diagnosis and Treatment*, 32 Clearinghouse Rev. J. of Poverty L. and Pol. 450 (Jan./Feb. 1999).

Perkins, Olson, and Rivera, Ombudsprograms and Member Advocates: Consumer-Oriented Approaches to Problem-Solving in Medicaid Managed Care (Sept. 1998).

Perkins and Vera, *Legal Protections to Ensure Linguistically Appropriate Health Care*, 9 J. of Health Care for the Poor and Uninsured S62 (Supp. 1998).

Perkins, Olson, et al., Ensuring Linguistic Access in Health Care Settings: Legal Rights and Responsibilities (Jan. 1998) (available from The Kaiser Family Foundation, www.kff.org)

Perkins, et al., A Guide to Complaints, Grievances and Hearings Under Medicaid Managed Care (Jan. 1998) (available from Families, USA, Washington, DC).

English, Kapphahn, Perkins & Wibbelsman, *Meeting the Health Care Needs of Adolescents in Managed Care: A Position Paper of the Society for Adolescent Medicine*, 22 J. Adol. Health 271 (1998).

Perkins, *Resolving Complaints in Medicaid Managed Care: The 'Brutal Need' for Consumer Protections*, 34 National Institute for Dispute Resolution Forum 25 (Dec. 1997).

Perkins and Olson, *An Advocate's Primer on Medicaid Managed Care Contracting*, 31 Clearinghouse Rev. J. of Poverty L. and Pol. 19 (May-June 1997).

Perkins, Olson, Rivera, and Skatrud, Making the Consumers' Voice Heard in Medicaid Managed Care: Increasing Participation, Protection and Satisfaction (Dec. 1996).

Perkins, *Enrollment, Education and Plan Use in Medicaid Managed Care Programs; Financing Issues in Medicaid Managed Care* in Medicaid Managed Care: An Advocate's Guide for Protecting Children (Ch. 3 and 4) (July 1996).

Perkins and Vera, *'No Hablo Ingles' — Ensuring Linguistically Appropriate Health Care*, 29 Clearinghouse Rev. J. of Poverty L. and Pol. 36-48 (May 1995).

Perkins and Zinn, Toward a Healthy Future -- Early and Periodic Screening, Diagnosis and Treatment for Poor Children (April 1995).

Perkins and Rivera, *EPSDT and Managed Care: Do Plans Know What They are Getting Into?*, 28 Clearinghouse Rev. J. of Poverty L. and Pol. 1248-1260 (March 1995).

Perkins and English, *Evaluating Health Reform Proposals in the Interest of Children and Adolescents*, 27 Clearinghouse Rev. 428-40 (Aug./Sept. 1993), reprinted in 12 A.B.A. Juv. & Child Welfare L. Rep. 188-91 (Feb. 1994) and 13 A.B.A. Juv. & Child Welfare L. Rep. 9-14 (March 1994).

Perkins, *Race Discrimination in America's Health Care System*, 27 Clearinghouse Rev. 389-97 (August 1992), reprinted in 51 Guild Practitioner 1-18 (Winter 1993).

Perkins, *Increasing Provider Participation in the Medicaid Program: Is There a Doctor in the House?*, 26 Houston Law Review 77-107 (January 1989); reprinted in Bureau of National Affairs, Specialty Law Digest: Health Care (Oct. 1989).

Perkins, *Obtaining Information from HHS*, 22 Clearinghouse Rev. J. of Poverty L. and Pol. 1401-06 (April 1989).

Perkins, *Living in a Land of Confusion: Health Care Litigation & the 11th Amendment*, 22 Clearinghouse Rev. J. of Poverty L. and Pol. 1114-17 (Feb. 1989).

Perkins, *Dispensing with the Dispensable: Rule 19 Motions in Medicaid Cases*, 22 Clearinghouse Rev. J. of Poverty L. and Pol. 488-91 (Oct. 1988).

Perkins and Waxman, *The COBRA Continuation Option: Questions and Answers*, 21

Exhibit D

Clearinghouse Rev. J. of Poverty L. and Pol. 1315-20 (April 1988).

Perkins, *Problems & Solutions for the Uninsured*, 9 Whittier Law Review 221-25 (1987).

Perkins, *ERISA Preemption Affecting Indigent Health Care Coverage*, 20 Clearinghouse Rev. J. of Poverty L. and Pol. 1506-11 (April 1987).

Dorn, Dowell, and Perkins, *Anti-Discrimination Provisions and Health Care Access: New Slants on Old Approaches*, 20 Clearinghouse Rev. J. of Poverty L. and Pol. 439-53 (Summer 1986).

Perkins and Boyle, *AIDS and Poverty: Dual Barriers to Health Care*, 19 Clearinghouse Rev. J. of Poverty L. and Pol. 1283-91 (March 1986).

Perkins, *The Effects of Health Care Cost Containment on the Poor: An Overview*, 19 Clearinghouse Rev. J. of Poverty L. and Pol. 831-51 (December 1985).

## SELECTED CASES

*Lankford v. Sherman*, 451 F.3d 496 (8th Cir. 2006) (Medicaid coverage of medical equipment)

*Bzdawka v. Milwaukee Co.*, 238 F.R.D. 469 (E.D. Wis. 2006) (Medicaid/Americans with Disabilities Act requirements for community-based services)

*Edmonds v. Levine*, 417 F. Supp. 2d 1323 (S.D. Fla. 2006) (summary judgment) and 233 F.R.D. 638 (S.D. Fla. 2006) (class certification) (Medicaid coverage of drugs for their medically accepted indications)

*Cyrus v. Walker*, 409 F. Supp. 2d 748 (S. D. W.Va. 2005) (motion to dismiss based on sovereign immunity denied in Medicaid home and community based waiver case) and 233 F.R.D. 467 (S.D. W.Va. 2005) (class certification).

*Boyle v. Braddock*, 128 Fed. Appx. 574 (9th Cir. 2005) (Medicaid/Americans with Disabilities Act requirements for home and community based services)

*Newton-Nations v. Rodgers*, 316 F. Supp. 2d 883 (D. Ariz. 2004) (preliminary injunction), *same case*, 221 F.R.D. 509 (D. Ariz. 2004) (class certification) (Medicaid copayments)

*Antrican v. Buell*, 290 F.3d 178 (4th Cir. 2002), *aff'g*, 158 Fed. Supp. 2d 663 (E.D.N.C. 2001), *cert. denied*, 123 S.Ct. 467 (2002) (allowing plaintiffs to proceed with Medicaid case, finding no Eleventh Amendment or section 1983 bars)

*Westside Mothers v. Haveman*, 2006 U.S. App. LEXIS 17957 (6th Cir. July 17, 2006), *rev'g in part and aff'g in part*, 368 F. Supp. 2d 740 (E.D. Mich. 2005), *same case*, 289 F.3d 852 (6th Cir. 2002), *rev'g in part and aff'g in part*, 133 F. Supp. 2d 549 (E.D. Mich. 2001), *cert. denied*, 2002

Exhibit D

U.S. LEXIS 8694, No. 02-277 (U.S. Dec. 2, 2002) (allowing plaintiffs to proceed with Medicaid case, finding no Eleventh Amendment and section 1983 bars)

*Hernandez v. Medows*, 209 F.R.D. 665 (S.D. Fla. 2002) (Medicaid due process)

*Blue v. Bonta*, 99 Ca. App. 4th 980, 121 Cal. Rptr. 2d 483 (Cal. Ct. App. 2002) (requiring Medicaid coverage of stairway chairlift for individuals with mobility impairment)

*Chisholm v. Hood*, 133 F. Supp. 2d 894 (E.D. La. 2001) (program to deliver behavioral and psychological services to autistic children violated Medicaid EPSDT statutes), *same case*, 110 F. Supp. 2d 499 (E.D. La. 2001) (limitation of occupation, speech and audiological therapy services to children violated Medicaid EPSDT statutes)

*Benjamin H v. Ohl*, 1999 U.S. Dist. LEXIS 22454 (S.D.W.Va. 1999) (class certification), *same case*, 1999 U.S. Dist. LEXIS 22469 (S.D.W.Va. 1999) (preliminary injunction requiring Medicaid agency to provide timely services to individuals with developmental disabilities who were waiting for home and community based care services)

*French v. Concannon*, No. 97-CV-24-P-C (D. Me. 1998)(settlement) (EPSDT for children needing home and community based services for mental health and mental illness)

*Salazar v. District of Columbia*, 1996 WL 768038 (D.D.C., Oct. 16, 1996) (amended findings of fact and conclusions of law), same case, 938 F. Supp. 926 (D.D.C. 1996), *same case, Wellington v. District of Columbia*, 851 F. Supp. 1 (D.D.C. 1994)(enforcement of Medicaid Act and EPSDT/Section 1983)

*Sanders v. Lewis*, No. 2:92-0353 (S.D.W.Va.)(Order and Compliance Plan, March 1, 1995) and (Summary Judgment, Aug. 16, 1993), *reprinted at* CCH, Medicare & Medicaid Guide ¶ 43,120 (preventive care for children in out of home placement)

*Wolford v. Lewis*, 860 F. Supp. 1123 (S.D.W.Va. 1994)(quality in residential and board and care homes, Medicaid transportation)

*Thompson v. Raiford*, No. 3:92-CV-1539-R (N.D.Tex. Sept. 23, 1993), *reprinted at* CCH, Medicare & Medicaid Guide ¶ 41,776 (Medicaid EPSDT coverage for lead blood testing)

*Coleman v. Glynn*, 983 F.2d 737 (6th Cir. 1993)(Medicaid eligibility)

*Clark v. Coye*, 967 F.2d 585 (9th Cir. 1992), *aff'g and remanding*, 758 F. Supp. 572 (E.D. Cal. 1990)(Medicaid dental provider participation)

*Crespin v. Kizer*, 226 Cal.App.3d 498, 276 Cal. Rptr. 571 (Ct. App. 1991)(Medicaid eligibility)

*Matthews v. Coye*, No. C-90-3620-EFL (N.D. Cal.) (Stipulated Settlement, Oct. 30, 1991)

Exhibit D

(Medicaid EPSDT coverage for lead blood testing)

*Sneede v. Kizer*, 728 F. Supp. 1003 (N.D. Cal. 1990)(Medicaid eligibility), *same case*, 856 F. Supp. 526 (1994)(attorney fees)

*Citizens Action League v. Kizer*, 670 F. Supp. 874 (N.D. Cal. 1987), *rev'd*, 887 F.2d 1003 (9th Cir. 1989), *cert. denied*, 110 S.Ct. 1524 (1990)(Medicaid estate recovery)

*Stangler v. Sullivan*, 685 F. Supp. 1125 (W.D. Mo. 1988), *aff'd*, 878 F.2d 1069 (8th Cir. 1989), *cert. denied*, 110 S.Ct. 1782 (1990)(Medicaid eligibility)

*Levy v. Sullivan*, No. 88-3271 (C.D.Cal. 1989), *reprinted at* CCH, Medicare & Medicaid Guide ¶ 37,809 (settlement) (Medicare HMO fair hearings)

*Frank v. Kizer*, 261 Cal. Rptr. 882 (Ct. App. 1989)(Medicaid notice and hearings)

*Jackson v. Stockdale*, 264 Cal. Rptr. 525 (Ct. App. 1989) (Medicaid dental services)

*HONORS AND ADVISORY GROUPS*

Reginald Heber Smith Award for Legal Representation of The Poor (1997)

Federal Court Access Project Advisory Committee (2004-present)

American Medical Association Advisory Group (language services in physician offices) (2005)

North Carolina Latino Health Task Force (2002 - 2003)

Los Angeles County Department of Health Services Cultural and Linguistic Competency Standards Working Group (2001-2003)

North Carolina Legal Services Advocates for Children's Services Advisory Committee (1998-2001)

Poverty and Race Research Action Council Board of Directors (1995-1999)

Health Care Financing Administration and National Academy for State Health Policy, Quality Improvement System in Managed Care (QISMC) Working Group (1998)