**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-CV-127-GMS |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, <u>et al.</u> | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Defendants Vincent Meconi, the Secretary of the Delaware Department of Health & Social Services; Marianne Smith, the Director of the Division of Developmental Disabilities Services ("DDDS"); Elaine Archangelo, the Director of the Division of Social Services; and Harry Hill, the Director of the Division of Medicaid and Medical Assistance (collectively the "state defendants"), through their undersigned counsel, submit this memorandum in response to Plaintiff's Motion for Attorney's Fees.

The state defendants oppose plaintiff's request for an award of attorney's fees for three reasons. First, plaintiff's status as "the prevailing party" is being challenged in defendants' appeal of the Court's decision on the parties' cross-motions for summary judgment. Second, plaintiff's request for compensation for the time of four attorneys on virtually every major brief and other filing in the case is excessive and should be reduced. Third, plaintiff's request for compensation for a total of 37 hours of attorney time in preparing the Motion for Attorney's Fees

and its supporting affidavits and declarations is likewise excessive and should be reduced.

### A. PLAINTIFFS WILL NOT BE PERMITTED AN AWARD OF ATTORNEY'S FEES IF THE THIRD CIRCUIT REVERSES THIS COURT'S SUMMARY JUDGMENT DECISION.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), permits an award of attorneys fees only to "the prevailing party[.]" On October 9, 2007, the state defendants filed a Notice of Appeal from this Court's Order of September 11, 2007, granting Plaintiff's Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment ("Summary Judgment Decision").

If and to the extent the Third Circuit determines that this Court erred in its Summary Judgment Decision, plaintiff's status as "the prevailing party" will change (or be reversed). The state defendants therefore reserve their right to ask the Court to re-visit any award of attorney's fees it makes in light of the Third Circuit's ruling in the appeal. In the alternative, the state defendants request that the Court defer (or make conditional) any award of attorney's fees in light of the appeal.

### B. PLAINTIFF'S REQUEST FOR COMPENSATION FOR THE INVOLVEMENT OF FOUR ATTORNEYS ON VIRTUALLY EVERY MAJOR BRIEF AND OTHER FILING IN THIS LAWSUIT IS EXCESSIVE.

The Civil Rights Attorney's Fees Awards Act of 1976 permits only an award of "reasonable" attorney's fees. 42 U.S.C. § 1988(b). This requires the court to determine "the number of hours <u>reasonably</u> expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (emphasis added). In <u>Hensley</u>, the Supreme Court directed district courts to "exclude from the initial fee calculation hours that were not 'reasonably expended.'" <u>Id</u>. at 434 (quoting S. Rep. No. 94-1011, 94th Cong., 2d Sess., 6

(1976)). Plaintiff's counsel should make "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . . . 'Hours that are not properly billed to one's <u>client</u> are also not properly billed to one's <u>adversary</u> pursuant to statutory authority.'" <u>Hensley</u>, 461 U.S. at 434 (quoting <u>Copeland v. Marshall</u>, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original <u>Copeland</u> opinion).

A request by a prevailing plaintiff for compensation for the time that multiple attorneys – <u>i.e.</u>, more than two – spent preparing briefs and other documents, or performing other tasks in the case, may be denied in the absence of some demonstration of why three or more attorneys were reasonably necessary for the work involved. <u>See</u>, <u>e.g.</u>, <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 432-34 (11th Cir. 1999) (request for compensation for the time of five attorneys drafting three briefs and four attorneys attending a status conference was excessive); <u>Trimper v. City of Norfolk, Virginia</u>, 58 F.3d 68, 76-77 (4th Cir. 1995) (it was proper to reduce a requested award of attorneys fees because the request for compensation for the time of three attorneys was excessive); <u>West Virginia University Hospitals, Inc. v. Casey</u>, 898 F.2d 357, 364-65 (3d Cir. 1990) (plaintiffs would not be compensated for the attendance of more than two attorneys at oral argument).

Here, as the chart on the next three pages demonstrates, on every significant filing in this litigation – from (a) the Complaint to (b) Plaintiff's Response to the Motion to Dismiss to (c) the Amended Complaint to (d) Plaintiff's Motion for Summary Judgment to (e) Plaintiff's Response to Defendants' Motion for Summary Judgment to (f) Plaintiff's Reply Brief in Support of Plaintiff's Motion for Summary Judgment to (g) the Final Pretrial Order to (h) the current Motion for

Attorneys Fees – plaintiff is seeking compensation for the time of <u>four</u> (occasionally three) attorneys.

**Complaint**[1]

| | | |
|---|---|---|
| MBM: | 20.1 hours | |
| DGA: | 7.4 hours | |
| SJS: | 4.7 hours | |
| JP: | 5.3 hours | |
| Total: | 37.5 hours | |

**Plaintiff's Response to Motion to Dismiss**

| | | |
|---|---|---|
| MBM: | 11.7 hours | |
| DGA: | 5.5 hours | |
| SJS: | 27.3 hours | |
| JP: | 0.7 hours | |
| Total: | 45.2 hours | |

**Plaintiff's Motion for Summary Judgment**

| | | |
|---|---|---|
| MBM: | 50.5 hours | |
| DGA: | 16.6 hours | |
| SJS: | 41.9 hours | |
| JP: | 4.0 hours | |
| Total: | 113.0 hours | |

---

[1] A few of the time entries for plaintiff's lawyers combine two tasks under one time entry. In compiling the number of hours for each attorney for each task listed in this chart, the state defendants assumed that when an attorney's description included work on one of the listed briefs or other filings and some other task, half of the recorded time was devoted to the task listed in the chart. Thus, for example, the time records for MaryBeth Musumeci show that on November 2, 2005, she recorded 2.1 hours with the description "Draft amended complaint and 2nd RFP." In compiling the amount of time Ms. Musumeci devoted to the Amended Complaint to prepare this chart, the state defendants assumed that she devoted 1.0 hour of the total 2.1 hours that day to the Amended Complaint.

### Amended Complaint

| | |
|---|---|
| MBM: | 3.8 hours |
| DGA: | 0.4 hours |
| SJS: | 1.6 hours |
| Total: | 5.8 hours |

### Plaintiff's Response to Defendants' Motion for Summary Judgment

| | |
|---|---|
| MBM: | 41.5 hours |
| DGA: | 7.5 hours |
| SJS: | 3.9 hours |
| JP: | 1.3 hours |
| Total: | 54.2 hours |

### Plaintiff's Reply Brief in Support of Plaintiff's Motion for Summary Judgment

| | |
|---|---|
| MBM: | 15.3 hours |
| DGA: | 5.5 hours |
| SJS: | 1.7 hours |
| JP: | 0.3 hours |
| Total: | 22.8 hours |

### Final Pretrial Order

| | |
|---|---|
| MBM: | 22.7 hours |
| DGA: | 9.5 hours |
| SJS: | 3.9 hours |
| JP: | 0.3 hours |
| Total: | 36.4 hours |

**Plaintiff's Motion for Attorney's Fees**

| | |
|---|---|
| MBM: | 10.4 hours |
| DGA: | 22.4 hours |
| SJS: | 2.0 hours |
| JP: | 2.2 hours |
| Total: | 37.0 hours |

Plaintiff has made absolutely no showing that the involvement of four attorneys on seven of these eight matters (and three attorneys on the eighth) was necessary or reasonable in this litigation. As such, the requested fees should be reduced substantially to recognize that typically the substantive work of no more than two attorneys should be compensated for work on briefs and other filings in the lawsuit.

### C. PLAINTIFF'S REQUEST FOR COMPENSATION FOR A TOTAL OF 37 HOURS OF ATTORNEY TIME PREPARING THE MOTION FOR ATTORNEY'S FEES IS EXCESSIVE.

Finally, the state defendants oppose plaintiff's request for compensation for a total of 37 hours – again, expended by four attorneys – for the preparation of Plaintiff's Motion for Attorney's Fees. While courts have permitted compensation for work preparing a fee petition, see, e.g., Hernandez v. Kalinowski, 146 F.3d 196 (3d Cir. 1998), the amount of time for which compensation is sought cannot be unreasonable. See Daly v. Hill, 790 F.2d 1071, 1076, 1080 (4th Cir. 1986) (affirming lower court's conclusion that a request for compensation for over 30 hours for preparing and arguing the motion for the fee award was "totally unreasonable").

Here, Plaintiff's Motion for Attorney's Fees is less than 6 pages long. It is undoubtedly the type of motion that plaintiff's counsel has prepared dozens of times. Each of the four

attorneys also prepared an affidavit or declaration describing and listing the attorney's efforts – but, again, much of the text of those affidavits and declarations is likely text that these attorneys have used many times before in seeking an award of fees. The total of 37 hours is excessive and should be significantly reduced in any fee award.

### D. CONCLUSION

For the foregoing reasons, the state defendants request that any award of attorney's fees the Court makes at this point be substantially reduced in recognition that (a) plaintiff's request for compensation for the substantive involvement of four attorneys on nearly every major filing in the case is excessive and unreasonable, and (b) plaintiff's request for compensation for 37 hours of attorney time in preparing the Motion for Attorney's Fees is excessive and unreasonable. Moreover, in the event the Third Circuit reverses this Court's Summary Judgment Decision, the state defendants request that plaintiff's request for an award of attorney's fees be denied (and any previously-made award of fees be vacated).

Respectfully submitted,

Dated: October 10, 2007

/s/ Noel C. Burnham
Noel C. Burnham (DE Bar I.D. No. 3483)
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
1105 Market Street, 15th Floor
Wilmington, DE 19801-1607
(302) 504-7890
(302) 504-7820 facsimile
nburnham@mmwr.com

Patrick T. Ryan
Jessica C. Goebeler
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

                    A. Ann Woolfolk
                    (DE Bar I.D. No. 2642)
                    Deputy Attorney General
                    State of Delaware – Department of Justice
                    Carvel State Office Building
                    820 N. French Street, 6th Floor
                    Wilmington, DE  19801
                    (302) 577-8400

                    Counsel for Defendants