# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, Sean and Elise Duffy, | } } } |
| Plaintiff, | } } } |
| v. | } } |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, | } } } } |
| MARIANNE SMITH, Director, Division of Developmental Disabilities Services, in her official capacity, | } } } }   C.A. No. 05-127 (GMS) |
| ELAINE ARCHANGELO, Director, Division of Social Services, in her official Capacity, and | } } } } |
| HARRY HILL, Director, Division of Medical Assistance, in his official capacity, | } } } |
| Defendants. | } } |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, Marianne Duffy, through counsel, submits this memorandum in reply to Defendants' Response to Plaintiff's Motion for Attorneys' Fees.

The Defendants raise three points in their Response: 1) an appeal of the Court's September 11, 2007 decision on Summary Judgment could alter the Plaintiff's status as prevailing party; 2) the Plaintiff's request for compensation for four attorneys on briefs

1

and other pleadings is excessive; and 3) the time spent by the Plaintiff on the Motion for Fees is excessive.  Each argument will be addressed in order below.

    A.    <u>The Decision on Plaintiff's Motion for Attorneys' Fees Should be Deferred until the Third Circuit Court of Appeals Issues its Decision</u>

The Plaintiff agrees that the decision on Plaintiff's Motion for Attorneys' Fees should be deferred until after the Defendants' appeal is decided.   Plaintiff reserves the right, if the District Court decision is upheld, to supplement her attorneys' fees request to include time spent further litigating this matter.

    B.    <u>It is Not Excessive for Four Attorneys to Seek Compensation  for the Same Activities, So Long as their Roles were Not Duplicative.</u>

Defendants do not contend that Plaintiff's counsel spent too much time in total on any activity in this case (except for the motion for attorneys' fees), but rather that the use of four attorneys on almost all activities is unreasonable.

Defendants cite one case, *Trimper v. City of Norfolk, Virginia*, 58 F.3d 68 (4th Cir. 1995), because the court there determined that use of three attorneys was excessive given the lack of complexity of the plaintiff's case.   Similarly, the Defendants cite another case, *ACLU of Georgia v. Barnes*, 168 F. 3d 423 (11th Cir. 1999), because the court there held that requesting compensation for five attorneys to draft three briefs, and for four attorneys to attend a status conference is excessive.   However, the ACLU case notes that "'[t]here is nothing inherently unreasonable about a client having multiple attorneys. . . For that reason, a reduction for redundant hours 'is warranted only if the attorneys are unreasonably doing the same work.  An award for time spent by two or more attorneys is

proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.'" *Id*. at 432. (citation omitted). In the case at bar, the time records submitted in support of Plaintiff's motion are of appropriate specificity such that each attorney's role is clear.

A close look at the time records submitted in support of Plaintiff's Motion for Attorneys' Fees reveals that while each of the four co-counsel for Plaintiff was involved in some way in all of the major activities in the case (investigating/preparing the complaint, briefing, and discovery/trial preparation) they served non-duplicative, non-redundant roles, the number of hours for which each seeks compensation varies significantly, and the total number of hours requested by the attorneys is reasonable.

For instance, Community Legal Aid Society, Inc. ("CLASI") attorneys—as counsel in the state where the case arose-- naturally took the lead in investigating and preparing the complaint. While the National Health Law Program ("NHeLP") attorneys do seek reimbursement for some time spent on this activity, a comparison of the time spent by NHeLP and CLASI attorneys reveals that there was reasonable division of labor. CLASI hours consume 77% of the time for which compensation is being sought. NHeLP, as national experts, appropriately served in the role of advisor, editor, and strategist in the preliminary stages of this case.

On all of the briefs MaryBeth Musumeci and Sarah Somers were primary authors and divided up chief responsibility for discrete sections so as to avoid duplication of effort. For example, Ms. Musumeci drafted the statement of facts and most of the

3

affidavits for the motion for summary judgment, while Ms. Somers drafted the argument sections. Appropriately, they are responsible for 87% of the time being requested on this activity. Daniel Atkins, in contrast, spent relatively little time on the briefs as compared to Ms. Musumeci and Ms. Somers—31.4 hours—which amounts to just 10% of the time all of the attorneys spent on briefing. Mr. Atkins, as a more senior attorney to Ms. Musumeci, reviewed and edited Ms. Musumeci's portions of briefs and ensured compliance with Delaware local rules. Jane Perkins, as the most experienced of the attorneys in this case, seeks compensation for very little time on the briefs --8.9 hours— and for that matter in the entire case—34.5 hours. Ms. Perkins reviewed Ms. Somers' portions of the brief, and provided strategic direction throughout the case.

In terms of discovery and trial preparation, CLASI, as counsel in the state where the facts arose, took the lead in conducting discovery and preparing for trial. In this activity, CLASI attorneys consume 86% of the hours for which compensation is sought, NHeLP only 14%. While all four attorneys played some role in this activity, a review of the time records—and even the charts Defendants' counsel compiled in their response-- illustrates how the attorneys did not equally share the work even though primary responsibility for witness preparation or discovery was divided between three attorneys. This did not increase the total number of hours spent on the activity, but instead efficiently spread the large workload across a few people.

Finally, it is worth noting that the Defendants chose to forgo free representation from the Delaware Department of Justice and retained sophisticated and experienced

private counsel (a firm with more than 155 lawyers) to defend them vigorously in this case.  CLASI is a non-profit legal services organization of just 20 lawyers.   NHeLP is a small non-profit legal services organization with less than 10 lawyers nationwide.  Presumably Defendants' attorneys billed their clients for the work of at least three attorneys on some activities since four attorneys (three from Montgomery, McCracken, Walker & Rhoads, LLP and one from the Department of Justice, who obviously does not bill her clients) were listed on virtually every pleading for the Defendants in this case.

       This litigation has been more than three years in the making.  The time records of the Plaintiff's attorneys demonstrate that they carefully divided tasks, did not duplicate efforts, and were reasonable in the total amount for which they seek compensation.

       C.      <u>The Time that Plaintiff's Counsel Expended on the Motion for Attorneys' Fees was Not Excessive in Light of the Effort to Exercise Reasonable Billing Judgment and Avoid Redundant Billings.</u>

       Defendants assert that because Plaintiff's Motion for Attorneys' Fees is only 6 pages long and likely similar to motions filed in other cases, 37 hours is excessive. While the motion is only 6 pages, the entire pleading is more than 75 pages long.   The Defendants cite a case, *Daly v. Hill*, 790 F.2d 1071 (4th Cir. 1986), because it found that in one case billing 30 hours for preparing and arguing a fee motion was unreasonable.  However, there is no hard and fast rule capping hours for fee motions.   *Daly* was settled before trial, and apparently not as hotly contested, complicated, or time consuming as the case at bar.  It involved a total of 429 hours by three Plaintiff's attorneys.  *Id*. at 1074.  The case at bar consumed 721 hours by four attorneys over the course of more than three

5

years.

A close look at the time records provided by Plaintiff's counsel reveals that a substantial portion of the hours were spent exercising billing judgment, making sure that attorneys did not request reimbursement for duplicative activities. Ms. Perkins and Ms. Somers only billed for 4.2 hours for their role in submitting the motion (drafting their affidavits, exercising billing judgment, and reconciling their time with each other). Mr. Atkins was responsible for researching and drafting the Motion for Fees, drafting his own affidavit, and then reconciling the time of all four attorneys. Ms. Musumeci's effort involved reviewing close to 400 hours of activities over more than three years of time— 16 pages of time entries—drafting her own affidavit, and Mr. Duffy's, and assisting in reconciling her time with Mr. Atkins' time. The time that the Plaintiff's attorneys spent on the Motion for Fees ensured that the Court and Defendants could meaningfully and easily review counsel's activities, and reduced the overall number of recoverable hours by carefully eliminating duplicative, redundant activities.

As District Court Judge Jordan noted in an attorneys' fees decision in a Medicaid case litigated by the same two attorneys from CLASI (along with two attorneys from a national public interest law firm) for the Plaintiffs as in the case at bar, and the same lead counsel from Montgomery, McCracken for the Defendants: "At the end of the round upon round of briefing submitted on this Motion, the defendants are left disputing neither the reasonableness of the rates requested nor, for the most part, the number of hours that plaintiffs' counsel invested. Thus, with limited exception, the lodestar calculation

submitted by the plaintiffs is uncontested. That is as it should be, since the fees and hours are reasonable, given the complexity of the case, the experience of the attorneys, and the result achieved." *The Arc of Delaware v. Meconi, et al*, 2005 WL 3657319 (awarding $215,938.60 in attorneys' fees to four attorneys).

                                             Respectfully Submitted,
                                             Community Legal Aid Society Inc.
                                             Disabilities Law Program

BY:    /s/ MaryBeth Musumeci
         MaryBeth Musumeci - ID # 4128
         Daniel Atkins - ID # 2970
         100 West 10th Street, Suite 801
         Wilmington, DE 19801
         (302) 575-0690
         (302) 575-0840 (fax)
         mmusumeci@declasi.org
         datkins@declasi.org

         Sarah Somers
         Jane Perkins
         National Health Law Program
         211 N. Columbia Street
         Chapel Hill, NC 27516
         (919) 968-6308
         (919) 968-8855 (fax)
         perkins@healthlaw.org
         somers@healthlaw.org

Dated: October 17, 2007                    COUNSEL FOR PLAINTIFF

\\svwilm\data\public\DGA\1-Cases - Open\Duffy\Atty fees\Atty Fees Motion.doc