IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIANNE DUFFY, by her parents and legal guardians, SEAN and ELISE DUFFY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-CV-127-GMS |
| VINCENT MECONI, Secretary, Delaware Department of Health & Social Services, in his official capacity, et al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' UNCONTESTED MOTION TO VACATE
THIS COURT'S SEPTEMBER 11, 2007 SUMMARY JUDGMENT
OPINION AND ORDER**

Pursuant to Fed.R.Civ.P. 60(b), and the Third Circuit's partial remand order of July 17, 2008 [D.I. 81], a copy of which is attached hereto as Exhibit "A," defendants Vincent Meconi, the Secretary of the Delaware Department of Health & Social Services; Marianne Smith, the Director of the Division of Developmental Disabilities Services ("DDDS"); Elaine Archangelo, the Director of the Division of Social Services; and Harry Hill, the Director of the Division of Medicaid and Medical Assistance (collectively the "Delaware state defendants"), through their undersigned counsel, hereby move for the entry of an Order vacating this Court's Opinion and Order, dated September 11, 2007 [D.I. 74] ("Summary Judgment Opinion and Order"), in light of the settlement that has been reached between the parties while the matter has been on appeal to the Third Circuit.[1]

---

[1] In light of plaintiff's consent to the filing of this motion, plaintiff's not opposing the motion, and the posture of the case, the Delaware state defendants waive their right to the filing of any brief. The grounds for the requested relief are set forth in the motion. See D. Del. LR 7.1.2(a).

The Delaware state defendants' counsel has discussed this motion with plaintiff's counsel, and provided plaintiff's counsel with a copy of the motion before its filing. Plaintiff's counsel has authorized the Delaware state defendants' counsel to state in this motion that plaintiff does not oppose the request that this Court's Summary Judgment Opinion and Order be vacated in light of, and as part of, the settlement.

Indeed, the settlement is contingent upon this Court's vacating its Summary Judgment Opinion and Order – a step that the parties request that the Court take here because they have negotiated a resolution that goes beyond plaintiff Marianne Duffy's individual case. The settlement would put into place a formal policy that will eliminate the possibility that families like the Duffys, who desire to move a son or daughter with a developmental disability from an out-of-state institutional facility to one in or closer to Delaware, will find themselves in the same position as the Duffys.

In support of this motion, the Delaware state defendants assert as follows:

1.   Plaintiff Marianne Duffy is a 35-year-old North Carolina Medicaid beneficiary with developmental disabilities including blindness, seizures, autism, and mental retardation who has resided in an intermediate care facility for persons with mental retardation ("ICF/MR") in North Carolina since 1993.

2.   In April 2001, plaintiff Marianne Duffy's father, Sean Duffy, relocated to Delaware as a result of a new job and her mother, Elise Duffy, likewise moved to Delaware some months later. Plaintiff's parents have lived in Delaware since 2001 and are Delaware residents.

3.   Plaintiff's parents wish to move their daughter, plaintiff Marianne Duffy, to an ICF/MR or other appropriate residential facility in Delaware or in another state that is closer to Delaware than North Carolina so she can live closer to her family.

4. On March 4, 2005, plaintiff Marianne Duffy, by her parents and guardians Sean and Elise Duffy, filed this civil action, asserting that the Delaware state "defendants' process for determining [Marianne Duffy's] eligibility for Medicaid services" is unconstitutional because it abridges her right to interstate travel. Am. Compl. [D.I. 36] ¶¶ 30, 32, 34.

5. On September 11, 2007, this Court issued an Opinion and Order in which it granted plaintiff's motion for summary judgment and denied the Delaware state defendants' motion for summary judgment. In that Opinion and Order, the Court determined, based on the factual record before it on the parties' cross-motions for summary judgment, that "the State of Delaware has impeded [plaintiff's] ability to relocate to Delaware by refusing to process and approve her application for Medicaid until she physically resides in the State." Opinion and Order dated September 11, 2007 ("the Summary Judgment Opinion and Order") [D.I. 74] at 9.

6. After the Court's Summary Judgment Opinion and Order was issued, plaintiff Marianne Duffy filed a Motion for Attorney's Fees [D.I. 75], which is still pending before the Court.

7. The Delaware state defendants appealed this Court's Summary Judgment Opinion and Order to the United States Court of Appeals for the Third Circuit, and the appeal was docketed as Appeal No. 07-4000 (3d Cir.).

8. While the Delaware state defendants' appeal has been pending before the Third Circuit, the parties participated in a series of mediation sessions under the Third Circuit's Appellate Mediation Program and reached a settlement of all claims and disputes between and among them, including all claims that were or could have been asserted in this litigation, as well as plaintiff's claim for an award of attorney's fees and costs up through the implementation of the settlement of this matter.

9. Under the negotiated settlement, the Delaware state defendants have agreed that the Delaware Division of Medicaid and Medical Assistance ("DMMA") will process and determine – upon request and in advance of the establishment of Delaware residency (but contingent upon the actual establishment of Delaware residency) – the Medicaid eligibility of persons like Marianne Duffy (and including Marianne Duffy) who live in an institutional facility in a state outside Delaware and who intend to move directly into an institutional facility in Delaware (or, if the person is unable to express his/her intent, whose parents and/or, if applicable, guardians intend that such person move directly into an institutional facility in Delaware) and whose developmental disability is such that the person cannot establish residency in Delaware without moving directly into an institutional facility in Delaware. The settlement contemplates that the policy statement set forth in this paragraph will be memorialized and formalized in a DHSS Secretary's Policy Memorandum.

10. As part of the negotiated settlement, the Delaware state defendants have also agreed to pay plaintiff and her counsel the total sum of $137,500 in resolution of any and all claims for an award of attorney's fees and costs that plaintiff and her counsel have or could have in connection with this litigation and its resolution. This negotiated resolution would moot the pending Motion for Attorney's Fees [D.I. 75].

11. Under the negotiated settlement, two aspects of the resolution of this matter are contingent upon this Court vacating its Summary Judgment Opinion and Order: (a) the implementation of the pre-residency Medicaid eligibility determination policy that is set out in paragraph 9 above (including its incorporation in a DHSS Policy Memorandum), and (b) the negotiated resolution of the attorney's fees question, as set out in paragraph 10 above. The Delaware state defendants have agreed, however, that DMMA will process and determine

plaintiff Marianne Duffy's Medicaid eligibility in advance of her becoming a Delaware resident (but contingent upon her becoming a Delaware resident) regardless of whether or not this Court vacates its Summary Judgment Opinion and Order.

12. The United States Supreme Court has directed that, while appellate courts should not ordinarily vacate lower court decisions as part of a settlement negotiated between the parties, a court of appeals "may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)." U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994).

13. On July 17, 2008, in light of the reported settlement and at the request of the Delaware state defendants (which request plaintiff did not oppose), the Third Circuit issued an Order remanding, in part, the case to this Court for the purpose of this Court's considering this request that it vacate its Summary Judgment Opinion and Order in light of the settlement. See Remand Order [D.I. 81] (Exhibit "A" hereto).

14. The public interest will be advanced by the implementation of this settlement because it involves an undertaking by Delaware state officials to address the difficult logistical issue raised by the desires of parents like Mr. and Mrs. Duffy (who are Delaware residents) to move a developmentally disabled son or daughter who is not a Delaware resident from an ICF/MR institutional facility outside Delaware to one in Delaware (or in a nearby state). The DMMA policy that is contemplated by the settlement in this case will address not only plaintiff Marianne Duffy's individual case, but it will eliminate the possibility that other families in the same circumstances in the future will find themselves in the same position as the Duffys.

WHEREFORE, the Delaware state defendants respectfully request (and plaintiff does not oppose the request) that the Court enter the accompanying order, vacating its Summary Judgment Opinion and Order in light of the parties' settlement of this matter.

                                                Respectfully submitted,

Dated: August 13, 2008

/s/ Richard G. Placey
Richard G. Placey
(DE Bar I.D. No. 4206)
Richard M. Donaldson
(DE Bar I.D. No. 4367)
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
1105 Market Street, 15th Floor
Wilmington, DE 19801-1607
(302) 504-7800

Patrick T. Ryan
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

A. Ann Woolfolk
(DE Bar I.D. No. 2642)
Deputy Attorney General
State of Delaware – Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Counsel for Defendants